**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| GARRY MARK ADAM, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| ANDMARK WHITE LAKES | ) | |
| APARTMENTS, LLC, and AFI PROPERTY | ) | **DEMAND FOR JURY TRIAL** |
| MANAGEMENT, LLC, and ORION | ) | |
| PROPERTY GROUP, LLC, and 37NORTH | ) | |
| WHITE LAKES, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW, Plaintiff, Garry Mark Adam, by and through counsel, Chloe Elizabeth Davis and Bruce Alan Brumley, and for his cause of action against the Defendants, Andmark White Lakes Apartments, LLC, AFI Property Management, LLC, Orion Property Group, LLC, and 37North White Lakes, LLC, and hereby alleges and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff, Garry Mark Adam (hereinafter "Plaintiff"), is a resident of Shawnee County, Kansas;

2.    Defendant, 37North White Lakes, LLC, became the legal property owner of the premises located at 3733 SW Plaza Drive, Topeka, KS 66609 (hereinafter "White Lakes Plaza Apartments") on or about June 30, 2022 and continues to be the legal property owner of White Lakes Plaza Apartments to present. Defendant 37North White Lakes, LLC is an Indiana Foreign Limited Liability Company duly operating in and by virtue of the laws of the State of Kansas at all times alleged in this Petition and may be served with service of process by serving its Resident Agent in Shawnee County, Kansas.

1

3.    Defendant, Andmark White Lakes Apartments, LLC, was the legal property owner of White Lakes Plaza Apartment from on or about January 3, 2017 until on or about June 29, 2022. Defendant Andmark White Lakes Apartments, LLC is a Kansas Limited Liability Company duly operating in and by virtue of the laws of the State of Kansas at all times alleged in this Petition and may be served with service of process by serving its Resident Agent in Douglas County, Kansas.

4.    Defendant, AFI Property Management, LLC, served as the property management group for White Lakes Plaza Apartments from December 2020 until June 2022 and is a Missouri Foreign Limited Liability Company operating in and by virtue of the laws of the State of Kansas at all times alleged in this Petition and may be served with service of process by serving its Resident Agent in Johnson County, Kansas.

5.    Defendant, Orion Property Group, LLC, served as the property management group for the White Lakes Plaza Apartments from July 2022 until present and is a Kansas Limited Liability Company operating in and by virtue of the laws of the State of Kansas at all times alleged in this Petition and may be served with service of process by serving its Resident Agent in Johnson County, Kansas.

6.    For the claims enumerated herein that arise under federal law, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

7.    For the claims enumerated herein that arise under state law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as all Defendants are subject to this Court's personal jurisdiction within this District.

## FACTUAL ALLEGATIONS COMMON TO DEFENDANTS AFI PROPERTY MANAGEMENT, LLC AND ANDMARK WHITE LAKES APARTMENTS, LLC

9.      Plaintiff incorporates by reference all aforementioned paragraphs 1 through 8 as if fully set forth herein.

10.     At all times plead herein, Plaintiff suffered from and continues to suffer from Autosomal Recessive Bestrophinopathy. Autosomal Recessive Bestrophinopathy causes rare retinal dystrophy that is characterized by central vision loss. This vision loss substantially limits Plaintiff's life activities.

11.     Plaintiff initially entered into a rental agreement concerning the premises described above as White Lakes Plaza Apartments, specifically Apartment #107 (hereinafter "the Unit"), with Defendant AFI Property Management, LLC and Defendant Andmark White Lakes Apartments, LLC on November 10, 2016.

12.     Plaintiff first occupied the Unit beginning on or about November 10, 2016.

13.     On or about December 9, 2020, Plaintiff observed water leaking out of the ceiling over the bathtub inside the restroom located within the Unit.

14.     Between December 9, 2020 and February 25, 2021, Plaintiff submitted several requests and complaints to Defendant AFI Property Management, LLC requesting that the leak, related water damage, and other deficiencies be addressed.

15.     As of February 25, 2021, the items of disrepair described above had not been adequately addressed by Defendant AFI Property Management, LLC. As such, Plaintiff filed a Housing Discrimination Complaint with the United States Department of Housing and Urban Development on February 25, 2021, FHEO Case No. 07-21-6795-8.

16.     On or about March 31, 2021, Plaintiff and Defendant AFI Property Management, LLC and Defendant Andmark White Lakes Apartments, LLC entered into a Conciliation Agreement as a

result of Plaintiff's February 25, 2021 complaint before the United States Department of Housing and Urban Development.

17.     The Conciliation Agreement referenced in paragraph #16 stipulated that Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would abide by the following terms:

A.     Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would grant Plaintiff's request for reasonable accommodation that Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would provide all correspondence to Plaintiff in 18-point font, including notices sent to all tenants;

B.     Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would grant Plaintiff's request for reasonable accommodation that Plaintiff be exempt from paying rent via the online portal;

C.     Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would grant Plaintiff's request for reasonable accommodation that Plaintiff be exempt from submitting maintenance requests via the online portal;

D.     Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would grant Plaintiff's request for reasonable accommodation that Plaintiff be provided a paper copy of his annual lease.

E.     Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would complete Plaintiff's outstanding maintenance repairs;

F.     Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would renew Plaintiff's lease due to expire on April 30, 2021;

4

G.      Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would waive any and all late fees from December 2020 through March 31, 2021;

H.      Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would attend a minimum of two hours of fair housing training focusing on obligations under the Fair Housing Act and processing reasonable accommodation requests.

18.     On or about April 9, 2021, Plaintiff again submitted maintenance requests to Defendant AFI Property Management, LLC, requesting that the following issues be addressed: 1) Water damage dating back to December 9, 2020; 2) Mold as a result of December 9, 2020 water damage; 3) Maintenance and repair to central air ducts; 4) Repair of malfunctioning garbage disposal; 5) Repair of hall closet shelving; 6) Repair of malfunctioning kitchen cabinet doors; 7) Repair and maintenance of leaking and malfunctioning water heater and air conditioning unit; 8) Mold in common areas; 9) Repair of malfunctioning dishwasher.

19.     Despite two visits by an agent of Defendant AFI Property Management, LLC to purportedly address Plaintiff's complaints, as of June 12, 2021, the issues outlined above had not been properly addressed by either Defendant AFI Property Management, LLC or Defendant Andmark White Lakes Apartment, LLC.

20.     On or about June 12, 2021, Plaintiff noticed that both the Unit's bathroom and kitchen were again severely flooded.

21.      On or about June 12, 2021, Plaintiff again reached out to Defendant AFI Property Management, LLC via an emergency maintenance request to report the flooding and related issues and request that the issues be addressed.

22.     Approximately two hours after Plaintiff's June 12, 2021 complaint, a member of Defendant AFI Property Management, LLC visited the Unit for approximately 10 minutes, observed the flooding, and informed Plaintiff that a third party company would be there that evening to address the flooding.

23.     No representative of a third party company visited the Unit to address the flooding on June 12, 2021 and no member of Defendant AFI Property Management, LLC contacted Plaintiff to inform him that the third party company would in fact not be visiting the Unit.

24.     On June 13, 2021, a member of Defendant AFI Property Management, LLC and a member of a third party plumbing company visited the Unit and stated they had not been informed of the emergency maintenance request from nearly three days prior. Upon Plaintiff's inquiry as to why maintenance failed to respond to his emergency maintenance request for nearly three days, the Defendant AFI Property Management, LLC representative stated because he "had not had time."

25.     In response to Plaintiff's concerns regarding standing water throughout the Unit, the Defendant AFI Property Management, LLC member stated he would schedule for the carpet to be cleaned and refused to address the remainder of the standing water in the Unit.

26.     Despite incessant flooding, Defendant AFI Property Management, LLC never professionally cleaned the carpets and took no action to address the standing water in the Unit.

27.     On July 9, 2021, the Unit had no heated water. Plaintiff complained to Defendant AFI Property Management, LLC on July 12, 2021 regarding the Unit's lack of hot water.

28.     On or about September 8, 2021, nearly 60 days after Plaintiff's notification to Defendant AFI Property Management, LLC of the Unit's lack of heated water, Defendant AFI Property Management, LLC finally addressed the issue. Upon completion, Defendant AFI Property Management, LLC requested that Plaintiff sign a document confirming the issue had been

resolved; however, said document was backdated to July 2021. Plaintiff declined to sign the document.

29.     On or about September 28, 2021, Defendant AFI Property Management, LLC left a note on the Unit door stating they would be entering the Unit to assess any repairs the next morning, less than 24 hours from the time of notification.

30.     On or about January 14, 2022, Plaintiff received a text message from Defendant AFI Property Management, LLC falsely alleging that Plaintiff had unpaid charges, a failure to accommodate and violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

31.     On or about January 19, 2022, Defendant AFI Property Management, LLC visited the Unit wherein Plaintiff once again notified Defendant AFI Property Management, LLC of the numerous maintenance repair items needed in the Unit, to include, but not limited to, mold, water damage, malfunctioning heating unit, among others.

32.     On or about January 20, 2022, Defendant AFI Property Management, LLC visited the Unit wherein Plaintiff once again notified Defendant AFI Property Management, LLC of the numerous maintenance repair items needed in the Unit, to include, but not limited to, mold, water damage, malfunctioning heating and air unit, among others.

33.     On or about January 24, 2022, Defendant AFI Property Management, LLC visited the Unit and painted the Unit's bathroom, without addressing any of the other repair items, to include the underlying mold issues in the bathroom walls and ceiling.

34.     On or about March 25, 2022, Defendant AFI Property Management, LLC left a note on the Unit door, not in 18 point font, stating the toilet in the Unit would be replaced before the end of the day, failing to give Plaintiff the proper 24 hour notice, failing to accommodate and violating

the Conciliation Agreement entered into by the Parties on or about March 31, 2021. The toilet was not replaced on March 25, 2022.

35.     On or about March 29, 2022, Defendant AFI Property Management, LLC left a note on the Unit door, not in 18 point font, stating the toilet in the Unit would be replaced on April 1, 2022, failing to accommodate Plaintiff and violating the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

36.     On or about May 29, 2022, the Unit flooded once again, causing a hole to develop in the bathroom ceiling. Plaintiff submitted a maintenance request to Defendant AFI Property Management, LLC on May 31, 2022.

37.     On or about June 1, 2022, the Unit continued to flood, causing the hole in the bathroom ceiling to further deteriorate.

38.     On or about June 8, 2022, a member of Defendant AFI Property Management, LLC visited the Unit, explained that he did not know where the leak was originating from, that he would be back the following day to make repairs, and exited the Unit.

39.     On or about June 9, 2022, Plaintiff submitted a complaint to the City of Topeka's Code Enforcement Agency outlining the Unit's issues, to include, but not limited to, the following: 1) Consistent and unpredictable lack of running water, 2) Deteriorating bathroom ceiling, 3) Malfunctioning dishwasher, 4) Ongoing flooding issues, 5) Malfunctioning heat and air units, 6) Malfunctioning toilet.

40.      On or about June 9, 2022, a member of Defendant AFI Property Management, LLC arrived at the Unit, patched the deteriorating bathroom ceiling, and exited the Unit without addressing any of the other items in need of repair within the Unit.

41.     On or about June 14, 2022, only five days following Plaintiff's complaint to the City of Topeka's Code Enforcement Agency, Defendant AFI Property Management, LLC visited the Unit and replaced one of the two malfunctioning toilets in the Unit.

42.     On or about June 14, 2022, Defendant AFI Property Management, LLC sent correspondence to Plaintiff that Plaintiff's lease would not be renewed.

43.     On or about June 22, 2022, a member of Defendant AFI Property Management, LLC arrived at the Unit to address repairs, spent approximately 15 minutes performing repairs, before stating to Plaintiff that he was "done" and exiting the Unit. The Unit flooded once again that evening.

44.     On or about June 28, 2022, the Unit continued to flood in the bathroom and kitchen areas.

45.     On or about June 30, 2022, Plaintiff observed that the Unit's bathroom ceiling had again deteriorated into a hole, with the previous patchwork hanging down into the bathtub.

## FACTUAL ALLEGATIONS COMMON TO DEFENDANTS AFI PROPERTY MANAGEMENT, LLC AND ANDMARK WHITE LAKES APARTMENTS, LLC RELATING TO BREACH OF CONTRACT

46.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 45 as if fully set forth herein.

47.     Plaintiff filed a Housing Discrimination Complaint with the United States Department of Housing and Urban Development on February 25, 2021, FHEO Case No. 07-21-6795-8.

48.     On or about March 31, 2021, Plaintiff and Defendant AFI Property Management, LLC and Defendant Andmark White Lakes Apartments, LLC entered into a Conciliation Agreement as a result of Plaintiff's February 25, 2021 complaint before the United States Department of Housing and Urban Development.

49.    The Conciliation Agreement referenced in paragraph #48 stipulated that Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would abide by the following terms:

    A.    Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would grant Plaintiff's request for reasonable accommodation that Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would provide all correspondence to Plaintiff in 18-point font, including notices sent to all tenants;

    B.    Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would grant Plaintiff's request for reasonable accommodation that Plaintiff be exempt from paying rent via the online portal;

    C.    Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would grant Plaintiff's request for reasonable accommodation that Plaintiff be exempt from submitting maintenance requests via the online portal;

    D.    Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would grant Plaintiff's request for reasonable accommodation that Plaintiff be provided a paper copy of his annual lease.

    E.    Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would complete Plaintiff's outstanding maintenance repairs;

    F.    Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would renew Plaintiff's lease due to expire on April 30, 2021;

G.   Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would waive any and all late fees from December 2020 through March 31, 2021;

H.   Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would attend a minimum of two hours of fair housing training focusing on obligations under the Fair Housing Act and processing reasonable accommodation requests.

50.   On or about April 15, 2021, Plaintiff received a tenant-wide text message, not in 18-point font, from Defendant AFI Property Management, LLC regarding the enforcement of late fees/fines, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

51.   On or about April 27, 2021, Plaintiff received electronic mail from Defendant AFI Property Management, LLC regarding tenant incentive programs. This communication nor the attachment were written in 18 point font, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

52.   On or about May 12, 2021, Plaintiff received a tenant-wide text message, not in 18-point font, from Defendant AFI Property Management, LLC reminding tenants to obey traffic control devices on the premises, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

53.   On or about July 2, 2021, Plaintiff received a tenant-wide text message, not in 18-point font, from Defendant AFI Property Management, LLC regarding the apartment complex pool hours, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

54.     On or about July 26, 2021, Plaintiff received electronic mail, not written in 18 point font, from Defendant AFI Property Management, LLC falsely alleging that Plaintiff had unpaid charges and directing Plaintiff to activate an account on the online portal, violations of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

55.     On or about July 26, 2021, Plaintiff received electronic mail, not written in 18 point font, from Defendant AFI Property Management, LLC regarding maintenance to the exterior of the building, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

56.     On or about July 29, 2021, Plaintiff received a text message, not in 18-point font, from Defendant AFI Property Management, LLC stating regarding the apartment complex, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

57.     On or about August 6, 2021, Plaintiff received electronic mail, not written in 18 point font, from Defendant AFI Property Management, LLC regarding the online portal, violations of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

58.     On or about September 9, 2021, Plaintiff received a text message, not in 18-point font, from Defendant AFI Property Management, LLC stating regarding the apartment complex, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

59.     On or about September 24, 2021, Plaintiff received a document taped to the Unit door, not written in 18 point font, from Defendant AFI Property Management, LLC regarding the apartment complex, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

60.     On or about September 27, 2021, Plaintiff received a document taped to the Unit door, not written in 18 point font, from Defendant AFI Property Management, LLC stating that the premises

would be treated for pests, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

61.     On or about January 14, 2022, Plaintiff received a text message, not in 18-point font, from Defendant AFI Property Management, LLC again falsely alleging that Plaintiff had unpaid charges, violations of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

62.     On or about January 31, 2022, Defendant AFI Property Management, LLC left a note on the Unit door, not in 18 point font, stating an electrician would be visiting the Unit on February 1, 2022, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

63.     On or about March 7, 2022, Defendant AFI Property Management, LLC left a note on the Unit door, not in 18 point font, stating that the premises would be treated for pests, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

## FACTUAL ALLEGATIONS COMMON TO ORION PROPERTY GROUP, LLC AND 37NORTH WHITE LAKES, LLC

64.     On or about July 6, 2022, a member of Defendant Orion Property Group, LLC and members of a third party vendor arrived at the Unit to replace the flooring damaged by the constant flooding in the Unit. Plaintiff again brought attention to deteriorating ceiling in the Unit's bathroom. That evening, Plaintiff observed flooding on the newly installed flooring.

65.     On or about July 8, 2022, members of a third party vendor arrived at the Unit to address cleaning/restoration needed as a result of the Unit's flooding and malfunctioning ventilation systems. The members of the third party vendor informed Plaintiff that their work would be meaningless unless the heat and air systems were entirely replaced.

66.     As of July 18, 2022, the ceiling in the Unit's bathroom continued to deteriorate, hang down into the shower/bathtub, and impede Plaintiff's ability to utilize the shower/bathtub; one toilet within the Unit continued to be unusable; and standing water continued to accumulate in the Unit.

67.     On or about July 28, 2022, a plumber from a third party vendor arrived at the Unit, observed the Unit for approximately 5 minutes before stating he would need to perform work in the upstairs Unit, exited the Unit, and never returned to the Unit. Plaintiff observed continued flooding in the Unit.

68.     On or about August 5, 2022, a member of Defendant Orion Property Group, LLC arrived at the Unit to observe the Unit's deteriorated bathroom ceiling, malfunctioning heating and air unit, and flooding within the Unit. The member of Defendant Orion Property Group, LLC evacuated the standing water, tore down and bagged the rotted material in the bathroom ceiling, and unclogged the HVAC system drain.

69.     On or about August 11, 2022, Defendant Orion Property Group, LLC informed Plaintiff that they would not be repairing and/or correcting any of the Unit's issues until after Plaintiff vacated the Unit.

70.     On or about August 17, 2022, Defendant Orion Property Group, LLC visited the Unit wherein Plaintiff again made Defendant Orion Property Group, LLC aware of the flooding and related mold issues throughout the Unit. Defendant Orion Property Group, LLC informed Plaintiff they would return the following day to continue repairs. No one from Defendant Orion Property Group, LLC appeared at the Unit the following day, August 18, 2022.

71.     On August 19, 2022, members from Defendant Orion Property Group, LLC arrived at the Unit, again observed the items of disrepair, informed Plaintiff that the Unit's bathroom and heating

and unit would need completely torn out and replaced, and that they would return on August 22, 2022 to continue repairs.

72.     On August 22, 2022, members of Defendant Orion Property Group, LLC and a third party vendor arrived at the Unit, again observed the items of disrepair, and stated they would return the following day to continue repairs.

73.     On or about August 23, 2022, a member of Defendant Orion Property Group, LLC arrived at the Unit and inquired to Plaintiff whether he would be moving out or whether he would like to be moved to a different Unit. Plaintiff requested that this correspondence be presented to Plaintiff in writing, to which Defendant Orion Property Group, LLC agreed. However, Defendant Orion Property Group, LLC never presented said written correspondence to Plaintiff. No maintenance was performed on the Unit on August 23, 2022.

74.     On or about September 8, 2022, Plaintiff began moving out of the Unit with the assistance of a moving company due to Defendant Orion Property Group, LLC and Defendant 37North White Lakes, LLC's refusal to repair the Unit to a habitable condition.

75.     On or about September 9, 2022, Plaintiff completed moving out of the Unit and returned the keys to Defendant Orion Property Group, LLC's leasing office.

## COUNT I.     VIOLATIONS OF AND RETALIATION IN VIOLATION OF THE KANSAS LANDLORD TENANT ACT AS TO ALL DEFENDANTS

76.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 75 as if fully set forth herein.

77.     At all times plead herein, Plaintiff constituted a tenant of the Unit described above pursuant to K.S.A. §58-2543(o) *et seq.*

78.     Defendant AFI Property Management, LLC constituted as the landlord of the Unit described above pursuant to K.S.A. §58-2543(e) *et seq.* between December 2020 and June 2022.

79.     Defendant Andmark White Lakes Apartments constituted as the owner of the Unit described above pursuant to K.S.A. §58-2543(e) *et seq.* between December 2020 and June 2022.

80.     Defendant Orion Property Group, LLC constituted as the landlord of the Unit described above pursuant to K.S.A. §58-2543(e) *et seq.* between June 2022 and September 2022.

81.     Defendant 37North White Lakes, LLC constituted as the owner of the Unit described above pursuant to K.S.A. §58-2543(e) *et seq.* between June 2022 and September 2022.

82.     At all times plead herein, the Unit as described above constituted a dwelling unit pursuant to K.S.A. §58-2543(c).

83.     Between December 2020 and June 2022, Defendant AFI Property Management, LLC and Defendant Andmark White Lakes Apartments failed to maintain the Unit to include extensive flooding, water damage, leaks, mold/mildew growth, ventilation issues, among others, despite several complaints and requests for maintenance made by Plaintiff.

84.     Between December 2020 and June 2022, Defendant AFI Property Management, LLC and Defendant Andmark White Lakes Apartments ignored or outright denied Plaintiff complaints and requests for maintenance to the Unit on several occasions.

85.     All Defendants herein violated the Kansas Residential Landlord-Tenant Act, K.S.A. §58-2540 *et seq.*, in one or more of the following respects:

    a.      Defendants did not conduct an inventory of the premises with Plaintiff within five (5) days of Plaintiff moving into the residence as required by statute;

    b.      Defendants did not provide Plaintiff with a written copy of an inventory as required by statute;

    c.      Defendants did not provide Plaintiff, in writing, either before or at the time of the commencement of the residential agreement, the name and address of the following:

        i.      The person authorized to manage the premises;

        ii.     The owner of the premises or a person authorized to act for an on behalf of the owner for the purpose of service of process and for the purpose of receiving and receipting for notices and demands.

d.     Defendants did not comply with the requirements of applicable building and housing codes materially affecting health and safety as required by statute;

e.     Defendants did not exercise reasonable care in the maintenance of the common areas as required by statute;

f.     Defendants did not maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating and air-conditioning appliances including elevators, supplied or required to be supplied by such landlord;

g.     Defendants unlawfully entered Plaintiff's Unit without notice and without cause, as prohibited by statute;

h.     Defendants unlawfully retaliated against Plaintiff after Plaintiff complained to a governmental agency charged with responsibility for enforcement of a building or housing code of a violation applicable to the premises materially affecting health and safety;

i.     Defendants unlawfully retaliated against Plaintiff after Plaintiff complained to Defendants of a violation under K.S.A. §58-2553;

j.     Defendants failed to make Plaintiff aware of a dangerous condition on the premises, specifically Defendants failed to inform Plaintiff that the dwelling unit suffered from severe flooding, water damage, leaks, and mold/mildew issues.

86.     Plaintiff is entitled to damages under the Kansas Residential Landlord-Tenant Act as set forth therein due to the Defendants' unlawful acts and omissions identified herein.

87.    Plaintiff has suffered damages in excess of $25,000.00 due to the Defendants' violations of the Residential Landlord Tenant Act, including but not limited to, physical injuries and damages, lost wages, loss of personal property, costs of searching for relocation, past and future medical expenses, past and future pain, suffering, and mental anguish and emotional trauma associated with aforementioned injuries and damages.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against all Defendants herein on Plaintiff's claims in an amount to be determined by a jury at trial, in excess of $25,000.00, and for further relief as the Court deems just and appropriate.

## COUNT II.    VIOLATIONS OF AND RETALIATION IN VIOLATION OF THE FAIR HOUSING ACT AS TO ALL DEFENDANTS

88.    Plaintiff incorporates by reference all aforementioned paragraphs 1 through 87 as if fully set forth herein.

89.    At all times plead herein, Plaintiff suffered from and continues to suffer from Autosomal Recessive Bestrophinopathy. Autosomal Recessive Bestrophinopathy causes rare retinal dystrophy that is characterized by central vision loss. This vision loss substantially limits Plaintiff's life activities.

90.    At all times plead herein, Plaintiff constituted a handicapped person pursuant to the Fair Housing Act, 42 U.S.C. §3602(h).

91.    At all times plead herein, Plaintiff suffered from a physical and/or mental impairment that substantially limited one or more of his major life activities, had a record of such impairment, and/or was regarded as having such impairment.

92.    At all times plead herein, the premises as described above herein constituted a covered dwelling pursuant to 42 U.S.C. §3602(b) as a structure occupied or intended for occupancy as a residence by one or more families.

18

93.    At all times plead herein, each Defendant constituted a person deemed to be in the business of selling or renting dwellings pursuant to 42 U.S.C. §3603(c).

94.     The Defendants participated as principal in three or more transactions involving the sale or rental of any dwelling within the preceding twelve months, or participated as an agent in providing rental facilities or rental services in two or more transactions involving the rental of a dwelling in the preceding twelve months or was the owner of a dwelling designed and/or intended to occupancy or occupied by five or more families.

95.    All Defendants herein violated the Fair Housing Act, 42 U.S.C. §3601 *et seq.*, in one or more of the following respects:

a.    Defendants represented to Plaintiff that a dwelling was not available for inspection, sale, or rental when such dwelling was in fact so available due to his status as a handicapped individual;

b.    Defendants discriminated in the sale and/or rental or otherwise made unavailable a dwelling to Plaintiff due to his status as a handicapped individual;

c.    Defendants discriminated against Plaintiff in the terms, conditions, or privileges of the sale and/or rental of a dwelling, or in the provisions of services or facilities in connection with said dwelling due to Plaintiff's status as a handicapped individual.

d.    Defendants, due to Plaintiff's status as a handicapped individual, refused to permit reasonable modifications of the dwelling occupied by Plaintiff when such modifications were necessary to afford Plaintiff full enjoyment of the dwelling;

e.    Defendants, due to Plaintiff's status as a handicapped individual, refused to make reasonable accommodations in rules, policies, practices, or services when such accommodations were necessary to afford Plaintiff full enjoyment of the dwelling;

f.      Defendants, due to Plaintiff's status as a handicapped individual, coerced, intimidated, threatened, or interfered with Plaintiff's exercise or enjoyment of Plaintiff's rights pursuant to the Fair Housing Act.

96.     Plaintiff is entitled to damages under the Fair Housing Act as set forth therein due to the Defendants' unlawful acts and omissions identified herein.

97.     Plaintiff has suffered damages in excess of $75,000.00 due to the Defendants' violations of the Fair Housing Act, including but not limited to, physical injuries and damages, lost wages, loss of personal property, costs of searching for relocation, past and future medical expenses, past and future pain, suffering, and mental anguish and emotional trauma associated with aforementioned injuries and damages.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against all Defendants herein on Plaintiff's claims in an amount to be determined by a jury at trial, in excess of $75,000.00, and for further relief as the Court deems just and appropriate.

## COUNT III.   VIOLATIONS OF AND RETALIATION IN VIOLATION OF THE REHABILIATION ACT OF 1973 AS TO ALL DEFENDANTS

98.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 97 as if fully set forth herein.

99.     At all times plead herein, Plaintiff suffered from and continues to suffer from Autosomal Recessive Bestrophinopathy. Autosomal Recessive Bestrophinopathy causes rare retinal dystrophy that is characterized by central vision loss. This vision loss substantially limits Plaintiff's life activities.

100.    Plaintiff's disability referenced in paragraph #99 constitutes a disability as defined by Section 7(20) of 29 U.S.C. § 794 ("Rehabilitation Act of 1973").

101.    Defendants herein were the recipients of federal financial assistance and/or program and/or activity conducted by any executive agency as defined by the Rehabilitation Act of 1973.

102.    Defendants excluded Plaintiff from the participation in, denied Plaintiff the benefits of, and subjected Plaintiff to discrimination pursuant to Plaintiff and Defendants' landlord-tenant relationship solely due to Plaintiff's disability.

103.    Defendants refused to offer and/or adhere to reasonable accommodation for Plaintiff's disability.

104.    Defendants herein retaliated against Plaintiff for engaging in protected activity when Plaintiff complained to the Defendants about Defendants' refusal to reasonably accommodate Plaintiff's disability and/or adhere to Plaintiff's reasonable accommodations.

105.    Defendants herein have violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 by discriminating and retaliating against Plaintiff due to his disability.

106.    Plaintiff is entitled to damages under Section 505 of the Rehabilitation Act, 29 U.S.C. § 794, as set forth therein due to the Defendants' unlawful acts and omissions identified herein.

107.    Plaintiff has suffered damages in excess of $75,000.00 due to the Defendants' violations of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, including but not limited to, physical injuries and damages, lost wages, loss of personal property, costs of searching for relocation, past and future medical expenses, past and future pain, suffering, and mental anguish and emotional trauma associated with aforementioned injuries and damages.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against all Defendants herein on Plaintiff's claims in an amount to be determined by a jury at trial, in excess of $75,000.00, and for further relief as the Court deems just and appropriate.

## COUNT IV.   BREACH OF CONTRACT AS TO DEFENDANT
## AFI PROPERTY MANAGEMENT, LLC

108.    Plaintiff incorporates by reference all aforementioned paragraphs 1 through 107 as if fully set forth herein.

109.    Plaintiff and Defendant AFI Property Management, LLC entered into a contract on or about March 31, 2021.

110.    The contract referenced in paragraph #109 was a Conciliation Agreement pursuant to Plaintiff's complaints of disability discrimination before the United States Department of Housing and Urban Development.

111.    Defendant AFI Property Management, LLC materially breached the Conciliation Agreement on numerous occasions in various ways between March 31, 2021 and March 31, 2022, as referenced above herein under "Factual Allegations Common To Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC Relating to Breach of Contract."

112.    As a result of Defendant AFI Property Management, LLC's breaches of the Conciliation Agreement, Plaintiff suffered economic loss and damages.

113.    Plaintiff has suffered damages in excess of $75,000.00 due to the Defendant AFI Property Management, LLC's breaches of the Conciliation Agreement, including but not limited to, lost wages, loss of personal property, costs of searching for relocation, past and future medical expenses, along with other immediate and consequential damages.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant AFI Property Management, LLC herein on Plaintiff's claims in an amount to be determined by a jury at trial, in excess of $75,000.00, and for further relief as the Court deems just and appropriate.

## COUNT V.    BREACH OF CONTRACT AS TO DEFENDANT
## ANDMARK WHITE LAKES APARTMENTS, LLC

114.   Plaintiff incorporates by reference all aforementioned paragraphs 1 through 113 as if fully set forth herein.

115.   Plaintiff and Defendant Andmark White Lakes Apartments, LLC entered into a contract on or about March 31, 2021.

116.   The contract referenced in paragraph #115was a Conciliation Agreement pursuant to Plaintiff's complaints of disability discrimination before the United States Department of Housing and Urban Development.

117.   Defendant Andmark White Lakes Apartments, LLC materially breached the Conciliation Agreement on numerous occasions in various ways between March 31, 2021 and March 31, 2022, as referenced above herein under "Factual Allegations Common To Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC Relating to Breach of Contract."

118.   As a result of Defendant Andmark White Lakes Apartments, LLC's breaches of the Conciliation Agreement, Plaintiff suffered economic loss and damages.

119.   Plaintiff has suffered damages in excess of $75,000.00 due to the Defendant Andmark White Lakes Apartments, LLC's breaches of the Conciliation Agreement, including but not limited to, lost wages, loss of personal property, costs of searching for relocation, past and future medical expenses, along with other immediate and consequential damages.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant Andmark White Lakes Apartments, LLC herein on Plaintiff's claims in an amount to be determined by a jury at trial, in excess of $75,000.00, and for further relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/Chloe Elizabeth Davis*
*/s/Bruce Alan Brumley*
Chloe Elizabeth Davis, #28517
Bruce Alan Brumley, #16066
Brumley Law Office
2348 SW Topeka Blvd., #201
Topeka, Kansas 66611
P: (785) 267-3367 / F: (785) 233-3161
chloe@brucebrumleylaw.com
bruce@brucebrumleylaw.com
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff, Garry Mark Adam, hereby requests a trial by twelve on all issues so triable

in the above-captioned matter.

Respectfully submitted,

*/s/Chloe Elizabeth Davis*
*/s/Bruce Alan Brumley*
Chloe Elizabeth Davis, #28517
Bruce Alan Brumley, #16066
Brumley Law Office
2348 SW Topeka Blvd., #201
Topeka, Kansas 66611
P: (785) 267-3367 / F: (785) 233-3161
chloe@brucebrumleylaw.com
bruce@brucebrumleylaw.com
Attorneys for Plaintiff