IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GARRY MARK ADAM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No.: 5:23-cv-04023 |
| v. | ) |
| | ) |
| **ANDMARK WHITE LAKES** | ) |
| **APARTMENTS, LLC,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT ALEXANDER FORREST INVESTMENTS, LLC'S PARTIAL MOTION TO DISMISS**

Defendant Alexander Forrest Investments, LLC ("AFI"), submits this Memorandum in Support of his Partial Motion to Dismiss filed simultaneously herewith. AFI contends that Counts II and III of Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state any viable claims upon which relief can be granted.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Garry Adam rented an apartment from White Lakes Plaza Apartments in November 2016. Plaintiff alleges that AFI violated the Fair Housing Act, 42 U.S.C. §3602 *et seq*. (hereinafter "FHA") and the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq.* (hereinafter "Rehabilitation Act")*,* amongst others, by failing to afford him with his rights under these laws.

This case arises out of Plaintiff's residence at White Lakes Plaza Apartments ("WLPA"). Plaintiff alleges he first entered into a rental agreement at WLPA on November 10, 2016. (ECF. 1, ¶ 11). Plaintiff alleges this agreement in 2016 involved AFI yet also alleges AFI's involvement with the property only occurred from December 2020 until June 2022. (ECF 1, ¶¶ 4, 11). Plaintiff alleges that he submitted repeated maintenance requests to AFI, communicated with AFI, and

1

members or agents of AFI visited his unit regarding repairs. (ECF 1, ¶ 14). Despite requests, he alleges that ultimately in February 2021 Plaintiff filed a Housing Discrimination Complaint with the United States Department of Housing and Urban Development. (ECF 1, ¶ 15). Subsequently, on March 31, 2021, Plaintiff, AndMark White Lakes Apartments, LLC, Alexander Forrest Management entered into a Conciliation Agreement resolving the Complaint. (ECF 1, ¶ 16).

Further, Plaintiff alleges AFI sent correspondence on June 14, 2022, that Plaintiff's lease would not be renewed. (ECF 1, ¶ 42). Plaintiff fails to allege facts that he applied for renewal or requested renewal either before or after that date, and that he was qualified for same. All further facts regarding Plaintiff's decision to move out occurred with Defendant Orion Property Group, wherein he was given a choice to move out or move to a different unit on August 23, 2022, and elected to move out on September 8 to 9, 2022. (ECF 1, ¶¶ 73-75).

Now, Plaintiff alleges that AFI, amongst others, violated the FHA and Rehabilitation Act while he leased the WLPA apartment. All allegations under both federal laws fail because Plaintiff has not provided a specific factual basis for the claims, he has only provided a formulaic recitation of the statutory language.

**II.   LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," the plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678.

This plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." *Id.*

Federal Rule of Civil Procedure 12(b)(6) provides a defendant an avenue for dismissing claims that "fail to state a claim upon which relief can be granted." A complaint cannot survive a motion to dismiss under Rule 12(b)(6) unless the pleading contains sufficient facts "to state a claim for relief that is plausible on its face." *Tronsgard v. FBL Fin. Grp., Inc.*, 312 F. Supp. 3d 982, 989 (D. Kan. 2018) (citations omitted). "'A claim has facial plausibility when the [pleaded] factual content ... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1178 (10th Cir.2012). "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210,1214 (10th Cir. 2011). Notably, "[t]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

### III.    ARGUMENT AND AUTHORITIES

#### A.    Count II: Fair Housing Act

Count II of Plaintiff's Complaint alleges that all defendants, including AFI, violated the FHA. Broadly construing Plaintiff's claims, Plaintiff raises six actions pursuant to the FHA against AFI: (1) representing to Plaintiff that a dwelling was not available for inspection, sale or rental due to Plaintiff's handicapped status; (2) discrimination in the terms, conditions, or privileges of the sale or rental of a dwelling; (3) failure to provide a reasonable modification of the dwelling

3

occupied by Plaintiff; (4) refusal to make reasonable accommodations in rules, policies, practices or services; and (5) unlawful interference with Plaintiff's exercise or enjoyment of Plaintiff's rights under the FHA (aka retaliation). (ECF 1, ¶ 95(a-f)). Each claim fails.

### 1. AFI did not represent to Plaintiff that a dwelling was not available for inspection, sale or rental due to his handicapped status.

Under 42 U.S.C. § 3604(d) it is unlawful to represent to any person because of handicap that a dwelling is not available for rent when such dwelling is in fact available. To establish a *prima facie* case, the plaintiff must prove that: (1) he is a member of a protected class; (2) he applied for and was qualified to rent a dwelling; (3) he was denied the opportunity to rent or inspect or negotiate for the rental; and (4) the housing opportunity remained available. *See Asbury v. Brougham*, 866 F.2d 1276, 1279-80 (10th Cir. 1989) (applying § 3604(d) of the FHA in the context of racial discrimination); *Smith v. Mission Associates Ltd. P'ship*, 225 F.Supp.2d 1293, 1301 (D.Kan. 2002) (finding plaintiffs failed to show they attempted to negotiate or even inquire about remaining at complex).

Per Plaintiff's own factual allegations, he cannot fulfill the third and fourth requirements to meet his *prima facie* case under § 3604(d). Plaintiff initially entered into a rental agreement at WLPA on November 10, 2016. (ECF 1, ¶ 11). Subsequently, Plaintiff continued to stay in the same apartment complex until June 14, 2022, when he alleges that AFI sent correspondence that his lease would not be renewed. (ECF 1, ¶ 42). However, Plaintiff notes that AFI ended its involvement with the WLPA in June 2022. (ECF 1, ¶ 4). Plaintiff then claims that he had to move out in September 2022 due to Defendant Orion and Defendant 37North's refusal to repair the unit to a habitable condition. (ECF 1, ¶ 74). Plaintiff fails to allege facts that he applied for renewal or requested renewal either before or after June 14, 2022, and that he was qualified for same. All further facts regarding Plaintiff's decision to move out occurred with Defendant Orion, wherein

he was given a choice to move out or move to a different unit on August 23, 2022, and elected to move out in September 2022, after AFI was no longer involved. (ECF 1, ¶¶ 73-75). Therefore, Plaintiff fails to establish that he was denied the opportunity to renew his rental lease from AFI. Additionally, Plaintiff fails to allege facts regarding whether the housing opportunity remained available after he left the housing as no facts support such a claim. For the above-mentioned reasons, Plaintiff fails to allege sufficient facts to establish that AFI represented a dwelling was unavailable for inspection or rent due to his status as a handicapped individual and his claim under the FHA in Count II should be dismissed.

### 2. AFI did not discriminate in the rental of a dwelling due to Plaintiff's status as a handicapped individual.

Under 42 U.S.C. § 3604(f)(1-2), it is unlawful to discriminate (1) in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the dwelling, because of a handicap of that renter and (2) against any person in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person. To state a claim for a violation of § 3604(f), the Plaintiff must show: (1) discrimination against him on the basis of handicap, and (2) that the discrimination was in connection with the rental of a dwelling, and not merely in connection with a plaintiff living in a dwelling or the defendant providing him services at the dwelling. *Lyons v. Kyner*, 2009 WL 10690905 at *11 (D.Kan. 2009). The court has held that § 3604(f) extends only to discrimination in connection with the rental of housing and not to discriminatory conduct that relates to the use and enjoyment of previously acquired housing. *Id.*

Plaintiff has failed to state a claim under the FHA for which relief should be granted. First, Plaintiff fails to allege a violation of subsection (f)(1) of the FHA as there is no allegation that Defendnat AFI made unavailable or denied Plaintiff the ability to rent the property because of his

5

alleged disability. He did in fact rent the property and continued to do so until AFI was no longer involved with the property in June 2022. Second, Plaintiff has not stated a claim under subsection (f)(2) because there are no allegations that AFI discriminated against Plaintiff in the terms, conditions or privileges of renting the property due to his disability. The lease contains no discriminatory language, or different terms, conditions or privileges due to his disability. Further, Plaintiff does not allege that the provisions of services or facilities were curtailed in any way by AFI because of his disability.

### 3. AFI did not refuse reasonable modifications of a dwelling due to Plaintiff's status as a handicapped individual.

Under 42 U.S.C. § 3604(f)(3)(A), a property owner discriminates when it refuses to permit reasonable modifications of existing premises occupied by a handicapped person if such modifications may be necessary to afford full enjoyment of the premises. To state a *prima facie* case for failure to provide a reasonable modification, Plaintiff must establish:(1) defendant refused to permit the modification; and (2) the modification was needed. *Haycraft v. Fidelity Management Corp.*, 2014 WL 3361759 at *3 (D.Kan. 2014). A "'modification' under the FHA is distinct from an accommodation." *Hollis v. Chestnut Bend Homeowners Ass'n.*, No 3:12-CV-0137, 2013 WL 5372362, at *12 (M.D. Tenn. Sept. 24, 2013). A claim for "reconstruction or renovation to a dwelling are actionable under the reasonable modification section of the FHA, and not the reasonable accommodation section." *Weiss v. 2100 Condo. Ass'n, Inc.*, 941 F.Supp.2d 1337, 1345-46 (S.D. Fla. 2013). A claim request for reasonable modification pursuant to the FHA is a request to modify either the interior or exterior of a residential facility and is completed at the *expense of the tenant*. *See* 24 C.F.R. § 100.203 (emphasis added).

Here, Plaintiff fails to allege any facts regarding requests for modifications to his dwelling, any facts regarding why modification would be needed, or any facts regarding refusal of reasonable

6

modifications by AFI. Instead, Plaintiff recites his alleged requests for maintenance and plumbing after an alleged flood events. Plaintiff does not allege that these requests are to assist in helping his apartment be safe because of his disability. Therefore, these maintenance requests do not rise to the level of a reasonable modification as it does not achieve the objective of equal housing opportunities between those with disabilities and those without, and safe living conditions are not mandated under the FHA. *Lyons v. Kyner*, 2009 WL 10690905 at *11 (D.Kan. 2009).

### 4. AFI did not refuse to make reasonable accommodations under the FHA.

AFI did not refuse necessary reasonable accommodations due to Plaintiff's status as a handicapped individual. Under 42 U.S.C. § 3604(f)(3)(B) discrimination includes refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(3)(B). For a failure to make reasonable accommodation claim, plaintiff must establish: (1) he is handicapped under the FHA; (2) the defendant knew or reasonably should have known of the claimed handicap; (3) an accommodation may be necessary to afford equal opportunity to use and enjoy the dwelling; (4) such accommodation is reasonable; and (5) the defendant refused to make the accommodation. *Ngiendo v. Asset Campus USA, LLC*, 2023 WL 2770192 at *7 (D.Kan. 2023) (citing *Arnal v. Aspen View Condo. Ass'n, Inc.*, 226 F. Supp. 3d 1177, 1183 (D. Colo. 2016).

Here, Plaintiff fails to plead sufficient facts to fulfill the third requirement: whether the accommodation is necessary due to his disability. For the third element, to be "necessary," the accommodation must be indispensable or essential to achieving the objective of equal housing opportunities between those with disabilities and those without. *Cinnamon Hills Youth Crisis Center, Inc. v. Saint George City*, 685 F.3d 917, 923 (10th Cir. 2012). While the FHA requires

7

accommodations necessary to ensure the disabled receive the same housing opportunities as others, it does not require more or better opportunities. *Id.* The duty to make a reasonable accommodation does not simply spring from the fact that the handicapped person wants such an accommodation made. *Ngiendo v. Asset Campus USA, LLC*, 2023 WL 2770192 at *8 (D.Kan. 2023). Plaintiff asserts that AFI entered into a Conciliation Agreement after he filed a Housing Complaint in 2021, but crucially does not state this was due to his disability. (ECF 1, ¶¶ 15-16). Nor does he show that the accommodation was required to actually accommodate his disability. Plaintiff's facts show that AFI agreed to reasonable accommodations per the Conciliation Agreement, rather than refusal to make reasonable accommodations. (ECF 1, ¶¶ 16-17, 48-49). Therefore, since the Tenth Circuit requires more than mere 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action', Plaintiff has failed to show sufficient facts that the accommodation was necessary due to his disability and his claim for failure to accommodate under the FHA fails.

### 5. AFI did not coerce, intimidate, threaten, or interfere with Plaintiff's rights pursuant to the FHA.

Plaintiff's allegations of retaliation under the FHA also fail as Plaintiff has not alleged sufficient facts to support such a violation. Under 42 U.S.C. § 3617, "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of their rights under sections 3603, 3604, 3605, or 3606 of the Fair Housing Act. In order to establish an FHA retaliation claim, Plaintiff must show: (1) he is a protected individual under the FHA; (2) he was engaged in the exercise or enjoyment of his fair housing rights; (3) the defendants coerced, threatened, intimidated, or interfered with Plaintiff on account of his protected activity under the FHA; and (4) the defendants were motivated by an intent to discriminate. *Ngiendo v. Asset Campus USA, LLC,* 2023 WL 2770192 at *9 (D.Kan. 2023) (citing *Hatfield v. Cottages on 78th Cmty. Ass'n,* 2022 WL 2452379, at *8 (10th Cir. 2022). Here, AFI strongly disagrees that Plaintiff

8

has plead facts sufficient to show that AFI retaliated or were motivated by the intent to discriminate.

> **a.    There are no facts presented which show that AFI "coerced, threated, intimidated, or interfered with Plaintiff on account of his protected activity under the FHA."**

Plaintiff hasn't made out a plausible, *prima facie* case under Plaintiff alleges no facts regarding coercion, intimidation, threats, or interference by AFI with his exercise or enjoyment of rights under the Fair Housing Act. The Tenth Circuit has outlined what Plaintiff must show for this element to be fulfilled under the FHA:

> [A] plaintiff cannot rely on § 3617 for trivial or isolated disputes. *Id.* at 783 ("Interference is more than a quarrel among neighbors or an isolated act of discrimination[.]") (quotations and citation omitted); *see also Halperin v. Prairie Single Family Homes of Dearborn Park Ass'n*, 388 F.3d 327, 330 (7th Cir. 2004) (Posner, J.) ("[W]e do not want, and we do not think Congress wanted, to convert every quarrel among neighbors in which a racial or religious slur is hurled into a federal case."). Rather, there must be conduct "that a person of normal fortitude would view as coercive, intimidating, threatening, or interfering with the exercise of her protected right under the FHA." *Geraci v. Union Square Condo. Ass'n*, 891 F.3d 274, 277 (7th Cir. 2018); *see generally Burlington N. and Santa Fe R.R. Co. v. White*, 548 U.S. 53 (2006) (holding that retaliation claims should be judged based on an objective standard). So the question is whether the conduct that [plaintiff] alleges rises to that level.

*Hatfield v. Cottages on 78th Community Ass'n*, 2022 WL 2452379 at *9 (D. Kan. July 6, 2022). Here, there are *no* facts alleged about how AFI coerced, threatened, intimidated, or interfered with Plaintiff's conduct. In fact, the only instance where Plaintiff even remotely mentions such allegations is where he makes conclusory allegations that the FHA was violated. (ECF 1, ¶ 95). Instead of the use of coercion, intimidation, or threats, Plaintiff's facts show that AFI attempted to improve Plaintiff's enjoyment of housing, even though safe living conditions are not mandated under the FHA. Further, Plaintiff has alleged no facts that he was treated differently than other tenants on the basis of his handicap or any protected activity he participated in. Plaintiff fails to

allege sufficient facts to establish that AFI coerced, intimidated, threatened, or interfered with his rights under the FHA.

          **b.**        **Plaintiff has no facts which show that AFI was motivated by an intent to discriminate.**

Further, Plaintiff has not shown sufficient facts supporting an allegation that AFI was motivated by an intent to discriminate. Plaintiff may show that AFI had discriminatory intent either directly, through direct or circumstantial evidence, or indirectly, through the inferential burden shifting method known as the *McDonnell Douglas* test. K*ormoczy v. Sec'y, U.S. Dep't of Hous. & Urban Dev.*, 53 F.3d 821, 823–24 (7th Cir.1995). Unlawful intent has been found when: derogatory remarks are made to minority residents; picketing; taking photographs of residents in a threatening manner; communicating indirect threats through police department (*People Helpers Foundation, Inc. v. City of Richmond*, 781 F. Supp. 1132, 1135 (E.D. Vir. 1992); cross burning on a minority homeowner's lawn (*Johnson v. Smith*, 810 F. Supp. 235 (N.D. Ill. 1992); letter sent to minority individual stating that defendant would "break [him] in half" if he did not move out of the neighborhood (*Sofarelli v. Pinellas County*, 921 F.2d 718, 722 (11th Cir. 1991).

Here, there are no facts plead which illustrate either direct or circumstantial evidence of discrimination due to Plaintiff's disability. Plaintiff's Complaint does not assert that AFI had any intent to discriminate other than his conclusory allegations made in Paragraph 95(f): "Defendants, due to Plaintiff's status as a handicapped individual, coerced, intimidated, threatened, or interfered with Plaintiff's exercise or enjoyment of Plaintiff's rights pursuant to the Fair Housing Act." This conclusory allegation, which is simply a recitation of the elements of the law, is not enough to properly assert this element in support of Plaintiff's § 3617 claim. Because Plaintiff fails to assert the requisite elements of a § 3617 claim – let along facts to support them –

his claim must fail. *See Mayo v. Performance Prop. Mgmt., Inc.*, 780 Fed. Appx. 653, 657 (10th Cir. 2019).

### B.  VIOLATIONS OF THE REHABILITATION ACT OF 1973

Plaintiff fails to make a claim for which relief can be granted under the Rehabilitation Act. The purpose of the Rehabilitation Act is to ensure that "no otherwise qualified individual with handicaps in the United States shall, solely by reasons of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance from the Department of Housing and Urban Development." 24 C.F.R. § 8.1.  In his Complaint, Plaintiff alleges that AFI, along with all other Defendants, violated the Rehabilitation Act by both discriminating and retaliating against him after he "complained to the Defendants about Defendants' refusal to reasonably accommodate Plaintiff's disability and/or adhere to Plaintiff's reasonable accommodations." (ECF #1, ¶ 104).

#### 1. Plaintiff fails to plead sufficient facts to show that Defendant discriminated against him in violation of the Rehabilitation Act.

To make a *prima facie* case for discrimination in violation of the Rehabilitation Act, Plaintiff must establish: (1) he is disabled under the Act; (2) that he would otherwise be qualified to participate in the program; (3) that the program receives federal financial assistance (or is a federal agency); and (4) that the program has discriminated against the plaintiff. *Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010) (internal citations and quotations omitted). Notably, other district courts in this Circuit have analyzed FHA and Rehabilitation Act claims under the same standards, therefore AFI incorporates its arguments under the FHA here. *See Shaw v. Cherokee Meadows, LP*, 431 F. Supp. 3d 1336, 1348 (N.D. Okla. 2019); *Roe v. Hous. Auth. of the City of Boulder,* 909 F. Supp. 814, 820-21 (D. Colo. 1995); *see also Valencia v. City of*

11

*Springfield,* 883 F.3d 959, 967 (7th Cir. 2018).  Here, AFI disputes whether Plaintiff's Complaint fulfills the third requirement – receipt of federal financial assistance.

> a. **Plaintiff has not plead sufficient facts to show that AFI receives federal financial assistance.**

Section 504 of the Rehabilitation Act prohibits programs that receive federal funds from discriminating against an individual based on disability, and reads in relevant part:

> No otherwise qualified individual with a disability in the United States, as defend in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).  A plaintiff asserting a claim for violation of Section 504 of the Rehabilitation Act must establish that the program or activity in question receives federal financial assistance.  *See Grzan v. Charter Hospital*, 104 F.3d 116, 120 (7th Cir.1997); *see also Worthington v. Golden Oaks Apartments,* 2011 WL 4729879 at *7-8 (N.D. Ill. Oct. 4, 2011) (motion to dismiss granted where plaintiff offered nothing more than the language of the statute in support of her allegation that defendant was a recipient of federal financial assistance).

The crux of Plaintiff's failure to state a claim is that he makes only one reference to whether AFI is an entity that receives federal financial assistance.  Paragraph 101 states "Defendants herein were the recipients of federal financial assistance and/or program and/or activity conducted by an executive agency as defensed by the Rehabilitation Act of 1973."  However, there is no additional information plead outside of this conclusory statement. Rule 8 requires that Plaintiff's complaint "set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008).  While Plaintiff is not required to state precisely each element, he has not

plead at least minimal factual allegations for this element as required. *Id.* Plaintiff's claims under the Rehabilitation Act must be dismissed as there are no factual allegations that plausibly suggest he is entitled to relief under this Act.

### 2. If the Court allows Plaintiff to bring claims under the Rehabilitation Act, Plaintiff's claim for retaliation still fails as a matter of law.

The Rehabilitation Act's prohibition on discrimination does not explicitly mention retaliation. *Jarvis v. Potter*, 500 F.3d 1113 (10th Cir. 2007). Interpretation of the elements of retaliation under the Rehabilitation Act borrows from both the Americans with Disabilities Act ("ADA") and the FHA. The Rehabilitation Act does not have its own retaliation clause, but instead "incorporates the anti-retaliation provisions of Title VI of the Civil Rights Act of 1964, which 'prohibits recipients from intimidating, threatening, coercing, or discriminating against any individual for the purpose of interfering with any right or privilege. . . or because he has made a complaint, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this part.' 34 C.F.R. 104.61 and 34 C.F.R. 100.7(e). *See also Khan v. Albuquerque Pub. Sch.*, 2003 WL 27385543 at *3 (D.N.M. May 22, 2003). To establish a *prima facie* case of retaliation under the Rehabilitation Act, Plaintiff must show: (1) he engaged in a protected activity; (2) he suffered a materially adverse action by the defendant either after or after or contemporaneous to the protected activity and the adverse action; and (3) a causal connection between the protected activity and the adverse action. *Proctor v. UPS*, 502 F.3d 1200, 1208 (10th Cir. 2007). If Plaintiff can prove his *prima facie* case, then the burden shifts to AFI to assert a legitimate, nondiscriminatory reason for the adverse action. *Id.* Plaintiff cannot sustain the second and third requirements which requires his claim for retaliation to fail.

> **a.  Plaintiff fails to plead sufficient facts to establish that he suffered a materially adverse action by AFI.**

"Interference [under the Fair Housing Act] and retaliation [under the Rehabilitation Act] causes of action heavily overlap[.]" *McFadden v. Meeker Hous. Auth.*, 2019 WL 652598 (D. Colo. Feb. 15, 2019) (citing *Carillo v. Romero*, 2013 WL 6133362 at *3 (D. Colo. Nov. 21, 2013)). "The FHA makes it 'unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of the rights [the FHA] grants." *Id.* Eviction proceedings or threatening letters may constitute retaliatory interference under the FHA. *See Watson v. Vici Cmt. Dev. Corp.*, 2022 WL 910155 at *7-8 (W.D. Okla. Mar. 28, 2022); *Zhu v. Countrywide Realty, Co.,* 165 F. Supp. 2d 1181 (D. Kan. 2001).

AFI incorporates its argument from the FHA concerning retaliation. As argued above, Plaintiff provides no factual support to illustrate that AFI coerced, intimidated, threatened or interfered with Plaintiff due to his disability. Again, the only fact alleged is conclusory and does not rise to the standard for pleading facts in support of such claim.

> **b.  Plaintiff fails to plead sufficient facts to demonstrate a causal connection between the alleged adverse action and the protected activity.**

In both an FHA interference claim and a Rehabilitation Act retaliation claim, the "plaintiff must prove the defendant was motivated to interfere or retaliate at least in part by intent to discriminate." *See McFadden,* 2019 WL 652598; *Watson,* 2022 WL 910155 at *7-*8 (W.D. Okla. Mar. 28, 2022). As above, Defendant AFI incorporates its arguments from the FHA. However, in support of his Rehabilitation Act claim, Plaintiff states that Defendants -- not just Defendant AFI -- retaliated against Plaintiff when they "refus[ed] to reasonably accommodate Plaintiff's disability and/or adhere to Plaintiff's reasonable accommodations" after his alleged complaint. (Doc. 1, ¶

14

104).   As above, Plaintiff's claim for retaliation should be dismissed because he pleads no facts showing a causal connection between Plaintiff's alleged adverse action and a protected activity.

Plaintiff's Complaint fails to plead sufficient facts to make a claim under the Rehabilitation Act against Defendant AFI because he does not plead that Defendant AFI received federal funding. Even if Defendant AFI were alleged to have received federal funding, Plaintiff fails to plead that Defendant AFI caused Plaintiff to suffer a materially adverse action or that Defendant AFI's actions were motivated by its intent to discriminate or Plaintiff's protected activity and therefore fails to state a claim for retaliation under the Rehabilitation Act.  Count III must therefore be dismissed as to Defendant AFI.

### IV.   CONCLUSION

WHEREFORE, Defendant Alexander Forrest Investments, LLC, respectfully requests that this Court dismiss Counts II and II of Plaintiff Garry Mark Adam's Complaint in this action with prejudice and asks this Court to grant all other relief it deems just and proper.

Respectfully submitted:

/s/ *Kathryn A. Wright*
Kathryn A. Wright          (KS #27478)
Monica J. Smith            (KS #24396)
Susan Q. Alig              (KS #25158)
HALBROOK WOOD, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
TEL: (913) 529-1188
FAX: (913) 529-1199
E-MAIL: kwright@halbrookwoodlaw.com
E-MAIL: msmith@halbrookwoodlaw.com
E-MAIL: salig@halbrookwoodlaw.com
ATTORNEYS FOR DEFENDANT ALEXANDER FORREST INVESTMENTS, LLC

**CERTIFICATE OF SERVICE**

       The undersigned certifies that on this 17th day of July 2023, the foregoing was electronically filed with the Clerk of the Court via the Court's CM/ECF system which sends notification to:

Chloe Elizabeth Davis (KS #28517)
Bruce Alan Brumley (KS #16066)
BRUMLEY LAW OFFICE
2348 SW Topeka Blvd., Suite #201
Topeka, KS 66611
TEL: (785) 267-3367
FAX: (785) 233-3161
E-MAIL: chloe@brucebrumleylaw.com
E-MAIL: bruce@brucebrumleylaw.com
ATTORNEYS FOR PLAINTIFF

Meghan E. Lewis (KS #24453)
Tyler M. Waugh (KS #28108)
SANDBERG PHOENIX & VON GONTARD, PC
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
TEL: (816) 627-5332
FAX: (816) 627-5332
E-MAIL: mlewis@sandbergphoenix.com
E-MAIL: twaugh@sandbergphoenix.com
ATTORNEYS FOR DEFENDANT
ANDMARK WHITE LAKES APARTMENTS, LLC

                                            /s/ *Kathryn A. Wright*
                                            ATTORNEY FOR DEFENDANT ALEXANDER FORREST INVESTMENTS, LLC