GARRY MARK ADAM,          )
          )
        **Plaintiff,**    )
          )    **Case No.: 5:23-cv-04023**
**v.**          )
          )
**ANDMARK WHITE LAKES**  )
**APARTMENTS, LLC, *et al.,***  )
          )
        **Defendants.**  )
          )

## DEFENDANT ALEXANDER FORREST INVESTMENTS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Alexander Forrest Investments, LLC ("AFI") by and through undersigned counsel and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

### COMPLAINT

**AFI states that the heading "Complaint" and any statements under the same are not factual allegations directed at AFI and no response is required. To the extent a response is required, AFI denies the allegations of this Paragraph.**

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff, Garry Mark Adam (hereinafter "Plaintiff"), is a resident of Shawnee County, Kansas;

    **ANSWER: AFI is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint but admits that Plaintiff alleges, he is a resident of Shawnee County, Kansas.**

2.    Defendant, 37North White Lakes, LLC, became the legal property owner of the premises located at 3733 SW Plaza Drive, Topeka, KS 66609 (hereinafter "White Lakes Plaza Apartments")

on or about June 30, 2022 and continues to be the legal property owner of White Lakes Plaza Apartments to present. Defendant 37North White Lakes, LLC is an Indiana Foreign Limited Liability Company duly operating in and by virtue of the laws of the State of Kansas at all times alleged in this Petition and may be served with service of process by serving its Resident Agent in Shawnee County, Kansas.

**ANSWER: The allegations in Paragraph 2 are not directed at AFI, therefore no response is required. To the extent a response is required, AFI states that Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, AFI denies the allegations contained in Paragraph 2 of the Complaint**.

3.      Defendant, Andmark White Lakes Apartments, LLC, was the legal property owner of White Lakes Plaza Apartment from on or about January 3, 2017 until on or about June 29, 2022. Defendant Andmark White Lakes Apartments, LLC is a Kansas Limited Liability Company duly operating in and by virtue of the laws of the State of Kansas at all times alleged in this Petition and may be served with service of process by serving its Resident Agent in Douglas County, Kansas.

**ANSWER: The allegations in Paragraph 3 are not directed at AFI, therefore no response is required. To the extent a response is required, AFI states that Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, AFI denies the allegations contained in Paragraph 3 of the Complaint.**

4.      Defendant, AFI Property Management, LLC, served as the property management group for White Lakes Plaza Apartments from December 2020 until June 2022 and is a Missouri Foreign Limited Liability Company operating in and by virtue of the laws of the State of Kansas at all times alleged in this Petition and may be served with service of process by serving its Resident Agent in Johnson County, Kansas.

**ANSWER: AFI states that Paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, AFI denies the allegations contained in Paragraph 4 of the Complaint.**

5.      Defendant, Orion Property Group, LLC, served as the property management group for the White Lakes Plaza Apartments from July 2022 until present and is a Kansas Limited Liability Company operating in and by virtue of the laws of the State of Kansas at all times alleged in this Petition and may be served with service of process by serving its Resident Agent in Johnson County, Kansas.

**ANSWER: The allegations in Paragraph 5 are not directed at AFI, therefore no response is required. To the extent a response is required, AFI states that Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, AFI denies the allegations contained in Paragraph 5 of the Complaint.**

6.      For the claims enumerated herein that arise under federal law, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**ANSWER: Paragraph 6 states a conclusion of law to which no response is required. To the extent any response is required, AFI denies the allegations contained in Paragraph 6 of the Complaint.**

7.      For the claims enumerated herein that arise under state law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

**ANSWER: Paragraph 7 states a conclusion of law to which no response is required. To the extent any response is required, AFI denies the allegations contained in Paragraph 7 of the Complaint.**

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as all Defendants are subject to this Court's personal jurisdiction within this District.

**ANSWER: Paragraph 8 states a conclusion of law to which no response is required. To the extent any response is required, AFI denies the allegations contained in Paragraph 8 of the Complaint.**

## FACTUAL ALLEGATIONS COMMON TO DEFENDANTS AFI PROPERTY MANAGEMENT, LLC AND ANDMARK WHITE LAKES APARTMENTS, LLC

9.      Plaintiff incorporates by reference all aforementioned paragraphs 1 through 8 as if fully set forth herein.

**ANSWER: AFI incorporates its answers to Paragraphs 1 through 8 of the Complaint as if fully set forth herein.**

10.     At all times plead herein, Plaintiff suffered from and continues to suffer from Autosomal Recessive Bestrophinopathy. Autosomal Recessive Bestrophinopathy causes rare retinal dystrophy that is characterized by central vision loss. This vision loss substantially limits Plaintiff's life activities.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies the same.**

11.     Plaintiff initially entered into a rental agreement concerning the premises described above as White Lakes Plaza Apartments, specifically Apartment #107 (hereinafter "the Unit"), with AFI Property Management, LLC and Defendant Andmark White Lakes Apartments, LLC on November 10, 2016.

**ANSWER: AFI denies the allegations in Paragraph 11 of the Complaint.**

12.     Plaintiff first occupied the Unit beginning on or about November 10, 2016.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 12 of the Complaint and, therefore, denies the same.**

13.     On or about December 9, 2020, Plaintiff observed water leaking out of the ceiling over the bathtub inside the restroom located within the Unit.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 13 of the Complaint and, therefore, denies the same.**

14.     Between December 9, 2020 and February 25, 2021, Plaintiff submitted several requests and complaints to AFI Property Management, LLC requesting that the leak, related water damage, and other deficiencies be addressed.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 14 of the Complaint and, therefore, denies the same.**

15.     As of February 25, 2021, the items of disrepair described above had not been adequately addressed by AFI Property Management, LLC. As such, Plaintiff filed a Housing Discrimination Complaint with the United States Department of Housing and Urban Development on February 25, 2021, FHEO Case No. 07-21-6795-8.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 15 of the Complaint and, therefore, denies the same. AFI does admit that Plaintiff filed a Housing Discrimination Complaint but is not aware of the date on which it was filed.**

16.     On or about March 31, 2021, Plaintiff and AFI Property Management, LLC and Defendant Andmark White Lakes Apartments, LLC entered into a Conciliation Agreement as a result of Plaintiff's February 25, 2021 complaint before the United States Department of Housing and Urban Development.

**ANSWER: AFI admits that on or about March 31, 2021, Plaintiff, Andmark White Lakes Apartments, LLC, Andmark White Lakes Plaza, and Alexander Forrest Management entered into a Conciliation Agreement before the United States Department of Housing and Urban Development.**

17.     The Conciliation Agreement referenced in paragraph #16 stipulated that Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would abide by the following terms:

A.      Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would grant Plaintiff's request for reasonable accommodation that Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would provide all correspondence to Plaintiff in 18-point font, including notices sent to all tenants;

B.      Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would grant Plaintiff's request for reasonable accommodation that Plaintiff be exempt from paying rent via the online portal;

C.      Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would grant Plaintiff's request for reasonable accommodation that Plaintiff be exempt from submitting maintenance requests via the online portal;

D.      Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would grant Plaintiff's request for reasonable accommodation that Plaintiff be provided a paper copy of his annual lease.

E.      Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would complete Plaintiff's outstanding maintenance repairs;

F.      Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would renew Plaintiff's lease due to expire on April 30, 2021;

G.      Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would waive any and all late fees from December 2020 through March 31, 2021;

H.      Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would attend a minimum of two hours of fair housing training focusing on obligations under the Fair Housing Act and processing reasonable accommodation requests.

**ANSWER: AFI admits that on or about March 31, 2021, Plaintiff, Andmark White Lakes Apartments, LLC, Andmark White Lakes Plaza, and Alexander Forrest Management entered into a Conciliation Agreement before the United States Department of Housing and Urban Development. Further answering, AFI admits the subparts listed in Paragraph 17 reflect the Relief for Complainant and Relief in the Public Interest listed in the Conciliation Agreement.**

18.      On or about April 9, 2021, Plaintiff again submitted maintenance requests to AFI Property Management, LLC, requesting that the following issues be addressed: 1) Water damage dating back to December 9, 2020; 2) Mold as a result of December 9, 2020 water damage; 3) Maintenance and repair to central air ducts; 4) Repair of malfunctioning garbage disposal; 5) Repair of hall closet shelving; 6) Repair of malfunctioning kitchen cabinet doors; 7) Repair and maintenance of leaking and malfunctioning water heater and air conditioning unit; 8) Mold in common areas; 9) Repair of malfunctioning dishwasher.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 18 of the Complaint and, therefore, denies the same.**

19. Despite two visits by an agent of AFI Property Management, LLC to purportedly address Plaintiff's complaints, as of June 12, 2021, the issues outlined above had not been properly addressed by either AFI Property Management, LLC or Defendant Andmark White Lakes Apartment, LLC.

**ANSWER: AFI denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.**

20. On or about June 12, 2021, Plaintiff noticed that both the Unit's bathroom and kitchen were again severely flooded.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 20 of the Complaint and, therefore, denies the same.**

21. On or about June 12, 2021, Plaintiff again reached out to AFI Property Management, LLC via an emergency maintenance request to report the flooding and related issues and request that the issues be addressed.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 21 of the Complaint and, therefore, denies the same.**

22. Approximately two hours after Plaintiff's June 12, 2021 complaint, a member of AFI Property Management, LLC visited the Unit for approximately 10 minutes, observed the flooding, and informed Plaintiff that a third party company would be there that evening to address the flooding.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 22 of the Complaint and, therefore, denies the same.**

23.     No representative of a third party company visited the Unit to address the flooding on June 12, 2021 and no member of AFI Property Management, LLC contacted Plaintiff to inform him that the third party company would in fact not be visiting the Unit.

**ANSWER: AFI denies the allegations contained in Paragraph 23 of the Complaint.**

24.     On June 13, 2021, a member of AFI Property Management, LLC and a member of a third party plumbing company visited the Unit and stated they had not been informed of the emergency maintenance request from nearly three days prior. Upon Plaintiff's inquiry as to why maintenance failed to respond to his emergency maintenance request for nearly three days, the AFI Property Management, LLC representative stated because he "had not had time."

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 24 of the Complaint and, therefore, denies the same.**

25.     In response to Plaintiff's concerns regarding standing water throughout the Unit, the AFI Property Management, LLC member stated he would schedule for the carpet to be cleaned and refused to address the remainder of the standing water in the Unit.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 25 of the Complaint and, therefore, denies the same.**

26.     Despite incessant flooding, AFI Property Management, LLC never professionally cleaned the carpets and took no action to address the standing water in the Unit.

**ANSWER: AFI denies the allegations contained in Paragraph 26 of the Complaint.**

27.     On July 9, 2021, the Unit had no heated water. Plaintiff complained to AFI Property Management, LLC on July 12, 2021 regarding the Unit's lack of hot water.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 27 of the Complaint and, therefore, denies the same.**

28.     On or about September 8, 2021, nearly 60 days after Plaintiff's notification to AFI Property Management, LLC of the Unit's lack of heated water, AFI Property Management, LLC finally addressed the issue. Upon completion, AFI Property Management, LLC requested that Plaintiff sign a document confirming the issue had been resolved; however, said document was backdated to July 2021. Plaintiff declined to sign the document.

**ANSWER: AFI denies the allegations contained in Paragraph 28 of the Complaint.**

29.     On or about September 28, 2021, AFI Property Management, LLC left a note on the Unit door stating they would be entering the Unit to assess any repairs the next morning, less than 24 hours from the time of notification.

**ANSWER: AFI denies the allegations contained in Paragraph 29 of the Complaint.**

30.     On or about January 14, 2022, Plaintiff received a text message from AFI Property Management, LLC falsely alleging that Plaintiff had unpaid charges, a failure to accommodate and violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

**ANSWER: AFI denies the allegations contained in Paragraph 30 of the Complaint.**

31.     On or about January 19, 2022, AFI Property Management, LLC visited the Unit wherein Plaintiff once again notified AFI Property Management, LLC of the numerous maintenance repair items needed in the Unit, to include, but not limited to, mold, water damage, malfunctioning heating unit, among others.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 31 of the Complaint and, therefore, denies the same.**

32.     On or about January 20, 2022, AFI Property Management, LLC visited the Unit wherein Plaintiff once again notified AFI Property Management, LLC of the numerous maintenance repair

items needed in the Unit, to include, but not limited to, mold, water damage, malfunctioning heating and air unit, among others.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 32 of the Complaint and, therefore, denies the same.**

33.     On or about January 24, 2022, AFI Property Management, LLC visited the Unit and painted the Unit's bathroom, without addressing any of the other repair items, to include the underlying mold issues in the bathroom walls and ceiling.

**ANSWER: AFI denies the allegations contained in Paragraph 33 of the Complaint.**

34.     On or about March 25, 2022, AFI Property Management, LLC left a note on the Unit door, not in 18 point font, stating the toilet in the Unit would be replaced before the end of the day, failing to give Plaintiff the proper 24 hour notice, failing to accommodate and violating the Conciliation Agreement entered into by the Parties on or about March 31, 2021. The toilet was not replaced on March 25, 2022.

**ANSWER: AFI denies the allegations contained in Paragraph 34 of the Complaint.**

35.     On or about March 29, 2022, AFI Property Management, LLC left a note on the Unit door, not in 18 point font, stating the toilet in the Unit would be replaced on April 1, 2022, failing to accommodate Plaintiff and violating the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

**ANSWER: AFI denies the allegations contained in Paragraph 35 of the Complaint.**

36.     On or about May 29, 2022, the Unit flooded once again, causing a hole to develop in the bathroom ceiling. Plaintiff submitted a maintenance request to AFI Property Management, LLC on May 31, 2022.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 36 of the Complaint and, therefore, denies the same.**

37.     On or about June 1, 2022, the Unit continued to flood, causing the hole in the bathroom ceiling to further deteriorate.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 37 of the Complaint and, therefore, denies the same.**

38.     On or about June 8, 2022, a member of AFI Property Management, LLC visited the Unit, explained that he did not know where the leak was originating from, that he would be back the following day to make repairs, and exited the Unit.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 38 of the Complaint and, therefore, denies the same.**

39.     On or about June 9, 2022, Plaintiff submitted a complaint to the City of Topeka's Code Enforcement Agency outlining the Unit's issues, to include, but not limited to, the following: 1) Consistent and unpredictable lack of running water, 2) Deteriorating bathroom ceiling, 3) Malfunctioning dishwasher, 4) Ongoing flooding issues, 5) Malfunctioning heat and air units, 6) Malfunctioning toilet.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 39 of the Complaint and, therefore, denies the same.**

40.     On or about June 9, 2022, a member of AFI Property Management, LLC arrived at the Unit, patched the deteriorating bathroom ceiling, and exited the Unit without addressing any of the other items in need of repair within the Unit.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 40 of the Complaint and, therefore, denies the same.**

41.     On or about June 14, 2022, only five days following Plaintiff's complaint to the City of Topeka's Code Enforcement Agency, AFI Property Management, LLC visited the Unit and replaced one of the two malfunctioning toilets in the Unit.

**ANSWER: AFI denies the allegations contained in Paragraph 41 of the Complaint.**

42.     On or about June 14, 2022, AFI Property Management, LLC sent correspondence to Plaintiff that Plaintiff's lease would not be renewed.

**ANSWER: AFI denies the allegations contained in Paragraph 42 of the Complaint.**

43.     On or about June 22, 2022, a member of AFI Property Management, LLC arrived at the Unit to address repairs, spent approximately 15 minutes performing repairs, before stating to Plaintiff that he was "done" and exiting the Unit. The Unit flooded once again that evening.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 43 of the Complaint and, therefore, denies the same.**

44.     On or about June 28, 2022, the Unit continued to flood in the bathroom and kitchen areas.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 44 of the Complaint and, therefore, denies the same.**

45.     On or about June 30, 2022, Plaintiff observed that the Unit's bathroom ceiling had again deteriorated into a hole, with the previous patchwork hanging down into the bathtub.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 45 of the Complaint and, therefore, denies the same.**

**FACTUAL ALLEGATIONS COMMON TO DEFENDANTS AFI PROPERTY MANAGEMENT, LLC AND ANDMARK WHITE LAKES APARTMENTS, LLC RELATING TO BREACH OF CONTRACT**

46.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 45 as if fully set forth herein.

**ANSWER: AFI incorporates its answers to Paragraphs 1 through 45 as if full stated herein.**

47.     Plaintiff filed a Housing Discrimination Complaint with the United States Department of Housing and Urban Development on February 25, 2021, FHEO Case No. 07-21-6795-8.

**ANSWER: AFI admits the allegations contained in Paragraph 47 of the Complaint.**

48.     On or about March 31, 2021, Plaintiff and AFI Property Management, LLC and Defendant Andmark White Lakes Apartments, LLC entered into a Conciliation Agreement as a result of Plaintiff's February 25, 2021 complaint before the United States Department of Housing and Urban Development.

**ANSWER: AFI admits that on or about March 31, 2021, Plaintiff, Andmark White Lakes Apartments, LLC, Andmark White Lakes Plaza, and Alexander Forrest Management entered into a Conciliation Agreement before the United States Department of Housing and Urban Development.**

49.     The Conciliation Agreement referenced in paragraph #48 stipulated that Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would abide by the following terms:

A.      Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would grant Plaintiff's request for reasonable accommodation that Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would provide all correspondence to Plaintiff in 18-point font, including notices sent to all tenants;

B.       Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would grant Plaintiff's request for reasonable accommodation that Plaintiff be exempt from paying rent via the online portal;

C.       Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would grant Plaintiff's request for reasonable accommodation that Plaintiff be exempt from submitting maintenance requests via the online portal;

D.       Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would grant Plaintiff's request for reasonable accommodation that Plaintiff be provided a paper copy of his annual lease.

E.       Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would complete Plaintiff's outstanding maintenance repairs;

F.       Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would renew Plaintiff's lease due to expire on April 30, 2021;

G.       Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would waive any and all late fees from December 2020 through March 31, 2021;

H.       Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC would attend a minimum of two hours of fair housing training focusing on obligations under the Fair Housing Act and processing reasonable accommodation requests.

**ANSWER: AFI admits that on or about March 31, 2021, Plaintiff, Andmark White Lakes Apartments, LLC, Andmark White Lakes Plaza, and Alexander Forrest Management entered into a Conciliation Agreement before the United States Department of Housing and**

**Urban Development. Further answering, AFI admits the subparts listed in Paragraph 49**
**reflect the Relief for Complainant and Relief in the Public Interest listed in the Conciliation**
**Agreement.**

50.     On or about April 15, 2021, Plaintiff received a tenant-wide text message, not in 18-point font, from AFI Property Management, LLC regarding the enforcement of late fees/fines, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

       **ANSWER: AFI denies the allegations contained in Paragraph 50 of the Complaint.**

51.     On or about April 27, 2021, Plaintiff received electronic mail from AFI Property Management, LLC regarding tenant incentive programs. This communication nor the attachment were written in 18 point font, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

       **ANSWER: AFI denies the allegations contained in Paragraph 51 of the Complaint.**

52.     On or about May 12, 2021, Plaintiff received a tenant-wide text message, not in 18-point font, from AFI Property Management, LLC reminding tenants to obey traffic control devices on the premises, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

       **ANSWER: AFI denies the allegations contained in Paragraph 52 of the Complaint.**

53.     On or about July 2, 2021, Plaintiff received a tenant-wide text message, not in 18-point font, from AFI Property Management, LLC regarding the apartment complex pool hours, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

       **ANSWER: AFI denies the allegations contained in Paragraph 53 of the Complaint.**

54.     On or about July 26, 2021, Plaintiff received electronic mail, not written in 18 point font, from AFI Property Management, LLC falsely alleging that Plaintiff had unpaid charges and

directing Plaintiff to activate an account on the online portal, violations of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

**ANSWER: AFI denies the allegations contained in Paragraph 54 of the Complaint.**

55.    On or about July 26, 2021, Plaintiff received electronic mail, not written in 18 point font, from AFI Property Management, LLC regarding maintenance to the exterior of the building, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

**ANSWER: AFI denies the allegations contained in Paragraph 55 of the Complaint.**

56.    On or about July 29, 2021, Plaintiff received a text message, not in 18-point font, from AFI Property Management, LLC stating regarding the apartment complex, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

**ANSWER: AFI denies the allegations contained in Paragraph 56 of the Complaint.**

57.    On or about August 6, 2021, Plaintiff received electronic mail, not written in 18 point font, from AFI Property Management, LLC regarding the online portal, violations of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

**ANSWER: AFI denies the allegations contained in Paragraph 57 of the Complaint.**

58.    On or about September 9, 2021, Plaintiff received a text message, not in 18-point font, from AFI Property Management, LLC stating regarding the apartment complex, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

**ANSWER: AFI denies the allegations contained in Paragraph 58 of the Complaint.**

59.    On or about September 24, 2021, Plaintiff received a document taped to the Unit door, not written in 18 point font, from AFI Property Management, LLC regarding the apartment complex, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

**ANSWER: AFI denies the allegations contained in Paragraph 59 of the Complaint.**

60. On or about September 27, 2021, Plaintiff received a document taped to the Unit door, not written in 18 point font, from AFI Property Management, LLC stating that the premises would be treated for pests, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

**ANSWER: AFI denies the allegations contained in Paragraph 60 of the Complaint.**

61. On or about January 14, 2022, Plaintiff received a text message, not in 18-point font, from AFI Property Management, LLC again falsely alleging that Plaintiff had unpaid charges, violations of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

**ANSWER: AFI denies the allegations contained in Paragraph 61 of the Complaint.**

62. On or about January 31, 2022, AFI Property Management, LLC left a note on the Unit door, not in 18 point font, stating an electrician would be visiting the Unit on February 1, 2022, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

**ANSWER: AFI denies the allegations contained in Paragraph 62 of the Complaint.**

63. On or about March 7, 2022, AFI Property Management, LLC left a note on the Unit door, not in 18 point font, stating that the premises would be treated for pests, a violation of the Conciliation Agreement entered into by the Parties on or about March 31, 2021.

**ANSWER: AFI denies the allegations contained in Paragraph 63 of the Complaint.**

## FACTUAL ALLEGATIONS COMMON TO ORION PROPERTY GROUP, LLC AND 37NORTH WHITE LAKES, LLC

64. On or about July 6, 2022, a member of Defendant Orion Property Group, LLC and members of a third party vendor arrived at the Unit to replace the flooring damaged by the constant flooding in the Unit. Plaintiff again brought attention to deteriorating ceiling in the Unit's bathroom. That evening, Plaintiff observed flooding on the newly installed flooring.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 64 of the Complaint and, therefore, denies the same.**

65.     On or about July 8, 2022, members of a third party vendor arrived at the Unit to address cleaning/restoration needed as a result of the Unit's flooding and malfunctioning ventilation systems. The members of the third party vendor informed Plaintiff that their work would be meaningless unless the heat and air systems were entirely replaced.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 65 of the Complaint and, therefore, denies the same.**

66.     As of July 18, 2022, the ceiling in the Unit's bathroom continued to deteriorate, hang down into the shower/bathtub, and impede Plaintiff's ability to utilize the shower/bathtub; one toilet within the Unit continued to be unusable; and standing water continued to accumulate in the Unit.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 66 of the Complaint and, therefore, denies the same.**

67.     On or about July 28, 2022, a plumber from a third party vendor arrived at the Unit, observed the Unit for approximately 5 minutes before stating he would need to perform work in the upstairs Unit, exited the Unit, and never returned to the Unit. Plaintiff observed continued flooding in the Unit.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 67 of the Complaint and, therefore, denies the same.**

68.     On or about August 5, 2022, a member of Defendant Orion Property Group, LLC arrived at the Unit to observe the Unit's deteriorated bathroom ceiling, malfunctioning heating and air unit, and flooding within the Unit. The member of Defendant Orion Property Group, LLC

evacuated the standing water, tore down and bagged the rotted material in the bathroom ceiling, and unclogged the HVAC system drain.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 68 of the Complaint and, therefore, denies the same.**

69.     On or about August 11, 2022, Defendant Orion Property Group, LLC informed Plaintiff that they would not be repairing and/or correcting any of the Unit's issues until after Plaintiff vacated the Unit.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 69 of the Complaint and, therefore, denies the same.**

70.     On or about August 17, 2022, Defendant Orion Property Group, LLC visited the Unit wherein Plaintiff again made Defendant Orion Property Group, LLC aware of the flooding and related mold issues throughout the Unit. Defendant Orion Property Group, LLC informed Plaintiff they would return the following day to continue repairs. No one from Defendant Orion Property Group, LLC appeared at the Unit the following day, August 18, 2022.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 70 of the Complaint and, therefore, denies the same.**

71.     On August 19, 2022, members from Defendant Orion Property Group, LLC arrived at the Unit, again observed the items of disrepair, informed Plaintiff that the Unit's bathroom and heating and unit would need completely torn out and replaced, and that they would return on August 22, 2022 to continue repairs.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 71 of the Complaint and, therefore, denies the same.**

72.     On August 22, 2022, members of Defendant Orion Property Group, LLC and a third party vendor arrived at the Unit, again observed the items of disrepair, and stated they would return the following day to continue repairs.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 72 of the Complaint and, therefore, denies the same.**

73.     On or about August 23, 2022, a member of Defendant Orion Property Group, LLC arrived at the Unit and inquired to Plaintiff whether he would be moving out or whether he would like to be moved to a different Unit. Plaintiff requested that this correspondence be presented to Plaintiff in writing, to which Defendant Orion Property Group, LLC agreed. However, Defendant Orion Property Group, LLC never presented said written correspondence to Plaintiff. No maintenance was performed on the Unit on August 23, 2022.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 73 of the Complaint and, therefore, denies the same.**

74.     On or about September 8, 2022, Plaintiff began moving out of the Unit with the assistance of a moving company due to Defendant Orion Property Group, LLC and Defendant 37North White Lakes, LLC's refusal to repair the Unit to a habitable condition.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 74 of the Complaint and, therefore, denies the same.**

75.     On or about September 9, 2022, Plaintiff completed moving out of the Unit and returned the keys to Defendant Orion Property Group, LLC's leasing office.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 75 of the Complaint and, therefore, denies the same.**

## COUNT I.    VIOLATIONS OF AND RETALIATION IN VIOLATION OF THE KANSAS LANDLORD TENANT ACT AS TO ALL DEFENDANTS

76.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 75 as if fully set forth herein.

**ANSWER: AFI incorporates its answers to Paragraphs 1 through 75 as if full stated herein.**

77.     At all times plead herein, Plaintiff constituted a tenant of the Unit described above pursuant to K.S.A. §58-2543(o) et seq.

**ANSWER: Paragraph 77 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent any response is required, AFI denies the allegations contained in Paragraph 77 of the Complaint.**

78.     AFI Property Management, LLC constituted as the landlord of the Unit described above pursuant to K.S.A. §58-2543(e) et seq. between December 2020 and June 2022.

**ANSWER: Paragraph 78 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent any response is required, AFI denies the allegations contained in Paragraph 78 of the Complaint.**

79.     Defendant Andmark White Lakes Apartments constituted as the owner of the Unit described above pursuant to K.S.A. §58-2543(e) et seq. between December 2020 and June 2022.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 79 of the Complaint and, therefore, denies the same.**

80.     Defendant Orion Property Group, LLC constituted as the landlord of the Unit described above pursuant to K.S.A. §58-2543(e) et seq. between June 2022 and September 2022.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 80 of the Complaint and, therefore, denies the same.**

81.     Defendant 37North White Lakes, LLC constituted as the owner of the Unit described above pursuant to K.S.A. §58-2543(e) et seq. between June 2022 and September 2022.

**ANSWER: AFI is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 81 of the Complaint and, therefore, denies the same.**

82.     At all times plead herein, the Unit as described above constituted a dwelling unit pursuant to K.S.A. §58-2543(c).

**ANSWER: Paragraph 82 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent any response is required, AFI denies the allegations contained in Paragraph 82 of the Complaint.**

83.     Between December 2020 and June 2022, AFI Property Management, LLC and Defendant Andmark White Lakes Apartments failed to maintain the Unit to include extensive flooding, water damage, leaks, mold/mildew growth, ventilation issues, among others, despite several complaints and requests for maintenance made by Plaintiff.

**ANSWER: AFI denies the allegations contained in Paragraph 83 of the Complaint.**

84.     Between December 2020 and June 2022, AFI Property Management, LLC and Defendant Andmark White Lakes Apartments ignored or outright denied Plaintiff complaints and requests for maintenance to the Unit on several occasions.

**ANSWER: AFI denies the allegations contained in Paragraph 84 of the Complaint.**

85.     All Defendants herein violated the Kansas Residential Landlord-Tenant Act, K.S.A. §58-2540 et seq., in one or more of the following respects:

    a.      Defendants did not conduct an inventory of the premises with Plaintiff within five (5) days of Plaintiff moving into the residence as required by statute;

b.     Defendants did not provide Plaintiff with a written copy of an inventory as required by statute;

c.     Defendants did not provide Plaintiff, in writing, either before or at the time of the commencement of the residential agreement, the name and address of the following:

     i.     The person authorized to manage the premises;

     ii.     The owner of the premises or a person authorized to act for an on behalf of the owner for the purpose of service of process and for the purpose of receiving and receipting for notices and demands.

d.     Defendants did not comply with the requirements of applicable building and housing codes materially affecting health and safety as required by statute;

e.     Defendants did not exercise reasonable care in the maintenance of the common areas as required by statute;

f.     Defendants did not maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating and air-conditioning appliances including elevators, supplied or required to be supplied by such landlord;

g.     Defendants unlawfully entered Plaintiff's Unit without notice and without cause, as prohibited by statute;

h.     Defendants unlawfully retaliated against Plaintiff after Plaintiff complained to a governmental agency charged with responsibility for enforcement of a building or housing code of a violation applicable to the premises materially affecting health and safety;

i. Defendants unlawfully retaliated against Plaintiff after Plaintiff complained to Defendants of a violation under K.S.A. §58-2553;

j. Defendants failed to make Plaintiff aware of a dangerous condition on the premises, specifically Defendants failed to inform Plaintiff that the dwelling unit suffered from severe flooding, water damage, leaks, and mold/mildew issues.

**ANSWER: AFI denies the allegations contained in Paragraph 85 of Plaintiff's Complaint, including any and all subparts.**

86. Plaintiff is entitled to damages under the Kansas Residential Landlord-Tenant Act as set forth therein due to the Defendants' unlawful acts and omissions identified herein.

**ANSWER: AFI denies the allegations contained in Paragraph 86 of Plaintiff's Complaint. Further, AFI denies that Plaintiff is entitled to relief sought under the Kansas Residential Landlord and Tenant Act.**

87. Plaintiff has suffered damages in excess of $25,000.00 due to the Defendants' violations of the Residential Landlord Tenant Act, including but not limited to, physical injuries and damages, lost wages, loss of personal property, costs of searching for relocation, past and future medical expenses, past and future pain, suffering, and mental anguish and emotional trauma associated with aforementioned injuries and damages.

**ANSWER: AFI denies the allegations contained in Paragraph 87 of Plaintiff's Complaint. Further, Defendant denies that Plaintiff is entitled to the relief sought as contained in Paragraph 87 of Plaintiff's Complaint.**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against all Defendants herein on Plaintiff's claims in an amount to be determined by a jury at trial, in excess of $25,000.00, and for further relief as the Court deems just and appropriate.

**ANSWER: AFI denies the allegations contained in the WHEREFORE clause of Count I of the Complaint and denies Plaintiff is entitled to the relief Plaintiff requests.**

## COUNT II. VIOLATIONS OF AND RETALIATION IN VIOLATION OF THE FAIR HOUSING ACT AS TO ALL DEFENDANTS

**Plaintiff's Count II for alleged violations of and retaliation of the Fair Housing Act is subject to AFI's Partial Motion to Dismiss Plaintiff's Complaint filed concurrently with this Answer. As such, no answer to Paragraphs 88 through 97, including the wherefore provision, is required.**

## COUNT III. VIOLATIONS OF AND RETALIATION IN VIOLATION OF THE REHABILITATION ACT OF 1973 AS TO ALL DEFENDANTS

**Plaintiff's Count III for alleged violations of and retaliation of The Rehabilitation Act of 1973 is subject to AFI's Partial Motion to Dismiss Plaintiff's Complaint filed concurrently with this Answer. As such, no answer to Paragraphs 98 through 107, including the wherefore provision, is required.**

## COUNT IV. BREACH OF CONTRACT AS TO AFI PROPERTY MANAGEMENT, LLC

108.    Plaintiff incorporates by reference all aforementioned paragraphs 1 through 107 as if fully set forth herein.

**ANSWER: AFI incorporates by reference its Answers to Paragraphs 1 through 107 of the Complaint and their defenses as if fully set forth herein.**

109.    Plaintiff and AFI Property Management, LLC entered into a contract on or about March 31, 2021.

**ANSWER: AFI denies the allegations contained in Paragraph 109 of the Complaint.**

110.     The contract referenced in paragraph #109 was a Conciliation Agreement pursuant to Plaintiff's complaints of disability discrimination before the United States Department of Housing and Urban Development.

**ANSWER: AFI denies the allegations contained in Paragraph 110 of the Complaint.**

111.     AFI Property Management, LLC materially breached the Conciliation Agreement on numerous occasions in various ways between March 31, 2021 and March 31, 2022, as referenced above herein under "Factual Allegations Common To Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC Relating to Breach of Contract."

**ANSWER: AFI denies the allegations contained in Paragraph 111 of the Complaint.**

112.     As a result of AFI Property Management, LLC's breaches of the Conciliation Agreement, Plaintiff suffered economic loss and damages.

**ANSWER: AFI denies the allegations contained in Paragraph 112 of Plaintiff's Complaint. Further, Defendant denies that Plaintiff is entitled to the relief sought as contained in Paragraph 112 of Plaintiff's Complaint.**

113.     Plaintiff has suffered damages in excess of $75,000.00 due to the AFI Property Management, LLC's breaches of the Conciliation Agreement, including but not limited to, lost wages, loss of personal property, costs of searching for relocation, past and future medical expenses, along with other immediate and consequential damages.

**ANSWER: AFI denies the allegations contained in Paragraph 113 of Plaintiff's Complaint. Further, Defendant denies that Plaintiff is entitled to the relief sought as contained in Paragraph 113 of Plaintiff's Complaint.**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against AFI Property Management, LLC herein on Plaintiff's claims in an amount to be determined by a jury at trial, in excess of $75,000.00, and for further relief as the Court deems just and appropriate.

**ANSWER: AFI denies the allegations contained in the WHEREFORE clause of Count IV of the Complaint and denies Plaintiff is entitled to the relief Plaintiff requests.**

## COUNT V.    BREACH OF CONTRACT AS TO DEFENDANT ANDMARK WHITE LAKES APARTMENTS, LLC

114.    Plaintiff incorporates by reference all aforementioned paragraphs 1 through 113 as if fully set forth herein.

**ANSWER: AFI incorporates by reference its Answers to Paragraphs 1 through 113 of the Complaint and their defenses as if fully set forth herein.**

115.    Plaintiff and Defendant Andmark White Lakes Apartments, LLC entered into a contract on or about March 31, 2021.

**ANSWER: Count V does not apply to AFI and therefore no response is required. To the extent a response is required, AFI denies the allegations contained in Paragraph 115 of Plaintiff's Complaint.**

116.    The contract referenced in paragraph #115was a Conciliation Agreement pursuant to Plaintiff's complaints of disability discrimination before the United States Department of Housing and Urban Development.

**ANSWER: Count V does not apply to AFI and therefore no response is required. To the extent a response is required, AFI denies the allegations contained in Paragraph 116 of Plaintiff's Complaint.**

117.    Defendant Andmark White Lakes Apartments, LLC materially breached the Conciliation Agreement on numerous occasions in various ways between March 31, 2021 and March 31, 2022,

as referenced above herein under "Factual Allegations Common To Defendants AFI Property Management, LLC and Andmark White Lakes Apartments, LLC Relating to Breach of Contract."

**ANSWER: Count V does not apply to AFI and therefore no response is required. To the extent a response is required, AFI denies the allegations contained in Paragraph 117 of Plaintiff's Complaint.**

118.    As a result of Defendant Andmark White Lakes Apartments, LLC's breaches of the Conciliation Agreement, Plaintiff suffered economic loss and damages.

**ANSWER: Count V does not apply to AFI and therefore no response is required. To the extent a response is required, AFI denies the allegations contained in Paragraph 118 of Plaintiff's Complaint.**

119.    Plaintiff has suffered damages in excess of $75,000.00 due to the Defendant Andmark White Lakes Apartments, LLC's breaches of the Conciliation Agreement, including but not limited to, lost wages, loss of personal property, costs of searching for relocation, past and future medical expenses, along with other immediate and consequential damages.

**ANSWER: Count V does not apply to AFI and therefore no response is required. To the extent a response is required, AFI denies the allegations contained in Paragraph 119 of Plaintiff's Complaint.**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant Andmark White Lakes Apartments, LLC herein on Plaintiff's claims in an amount to be determined by a jury at trial, in excess of $75,000.00, and for further relief as the Court deems just and appropriate.

**ANSWER: Count V does not apply to AFI and therefore no response is required. To the extent a response is required, AFI denies the allegations contained in the Wherefore provision under Count V of Plaintiff's Complaint.**

## AFFIRMATIVE DEFENSES

1.      AFI denies each and every allegation, count, claim, and prayer of the Complaint which is not expressly and specifically admitted herein.

2.      Plaintiff fails to state a claim upon which relief can be granted against AFI under the Complaint.

3.      Plaintiff is not entitled to the relief requested as a matter of fact or law.

4.      Plaintiff's damages, which AFI explicitly denies, are not of the nature or extent alleged by Plaintiff in his Complaint.

5.      AFI denies that it engaged in any wrongful or unlawful conduct whatsoever and deny that Plaintiff is entitled to any legal or equitable relief.

6.      Plaintiff's claims are barred, in whole or in part, because AFI has substantially complied with any and all applicable statutes, regulations, and laws.

7.      Plaintiff's claims are false, frivolous, and malicious, and AFI is thereby entitled to an award of its attorneys' fees and expenses incurred in defending these claims.

8.      Plaintiff's claims against AFI are to be reduced by the amount of any settlement, release, covenant not to sue, or covenant not to enforce a judgment that may occur prior to or during trial.

9.      Plaintiff is not damaged to the extent claimed, if at all.

10.     No act or omission by AFI was the proximate cause of injury or damages allegedly suffered by Plaintiff.

11.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver or estoppel.

12.    Plaintiff's claims are barred, in whole or part, because Plaintiff has failed to mitigate his damages, if any.

13.    Plaintiff's claims are barred as AFI is not a landlord as defined by the Kansas Residential Landlord and Tenant Act.

14.    Plaintiff lacks standing to assert the claims raised in his Complaint as the sole authority to commence a civil action for any alleged breach of the Conciliation Agreement in FHEO Case No. 07-21-6795-8 rests with the Attorney General of the United States.

15.    Plaintiff's claims are barred as he released and waived all of his claims against AFI in the Conciliation Agreement, FHEO Case No. 07-21-6495-8. The Conciliation Agreement states, in relevant part, "The Complainant Garry Adam, hereby forever waives, releases, and covenants not to sue the Department or Respondents further agree that the properly names persons and entities are … Ryan Scheer, Director, Alexander Forrest Management; their heirs, executors, assigns, agents, employees and attorneys with regard to any and all claims, damages and injuries of whatever nature whether presently known or unknown, arising out of the subject matter of HUD Case Number 07-21-6795-8, or which could have been filed in any action or suit arising from said subject matter."

16.    Plaintiff has waived his right to a jury trial in this matter. Plaintiff's Lease Agreement signed on March 29, 2021 between Plaintiff and AndMark White Lakes Apartments LLC states, in relevant part, "LESSOR and LESSEE each agree to waive a trial by jury in any action, proceeding or counterclaim brought by either of the parties against the other on any matters any way connected with this LEASE AGREEMENT, the relationship of LESSOR/LESSEE,

LESSEE's use or occupancy of the PROPERTY, any claim of injury, death and/or property damage, and/or any statutory remedy."

17.     AFI reserves the right to further respond and to assert any additional affirmative defenses as they become evident through discovery or investigation, including the defense of after-acquired evidence.

WHEREFORE, Alexander Forrest Investments, LLC respectfully requests that judgment be entered in its favor, that the Complaint be dismissed with prejudice in its entirety, and that the Court enter an Order granting Alexander Forrest Investments, LLC its attorneys' fees, costs, and expenses incurred in connection with defending this action, as well as such other relief that is just and equitable under the circumstances.

Respectfully submitted:

/s/ Kathryn A. Wright
Kathryn A. Wright          (KS #27478)
Monica J. Smith            (KS #24396)
Susan Q. Alig              (KS #25158)
HALBROOK WOOD, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
TEL: (913) 529-1188
FAX: (913) 529-1199
E-MAIL: kwright@halbrookwoodlaw.com
E-MAIL: msmith@halbrookwoodlaw.com
E-MAIL: salig@halbrookwoodlaw.com
ATTORNEYS FOR DEFENDANT ALEXANDER
FORREST INVESTMENTS, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 17th day of July 2023, the foregoing was electronically filed with the Clerk of the Court via the Court's CM/ECF system which sends notification to:

Chloe Elizabeth Davis (KS #28517)
Bruce Alan Brumley (KS #16066)
BRUMLEY LAW OFFICE
2348 SW Topeka Blvd., Suite #201
Topeka, KS 66611
TEL: (785) 267-3367
FAX: (785) 233-3161
E-MAIL: chloe@brucebrumleylaw.com
E-MAIL: bruce@brucebrumleylaw.com
ATTORNEYS FOR PLAINTIFF

Meghan E. Lewis (KS #24453)
Tyler M. Waugh (KS #28108)
SANDBERG PHOENIX & VON GONTARD, PC
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
TEL: (816) 627-5332
FAX: (816) 627-5332
E-MAIL: mlewis@sandbergphoenix.com
E-MAIL: twaugh@sandbergphoenix.com
ATTORNEYS FOR DEFENDANT
ANDMARK WHITE LAKES APARTMENTS, LLC

/s/ *Kathryn A. Wright*
ATTORNEY FOR DEFENDANT ALEXANDER
FORREST INVESTMENTS, LLC