IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARRY ADAM,

           Plaintiff,

v.                                Case No. 23-4023-JWB

ANDMARK WHITE LAKES APARTMENTS, LLC, et al.,

           Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants 37North White Lakes, LLC ("37North") and OPG Ventures, LLC's ("OPG") joint motion to dismiss. (Doc. 118.) The motion is fully briefed and ripe for decision. (Docs. 119, 128, 129, 133.) The motion is GRANTED for the reasons stated herein.

**I.**     **Facts and Procedural History**

The facts set forth herein are taken from the amended complaint. Plaintiff Garry Adam was a prior resident of the White Lakes Plaza Apartments ("the property"). Until June 29, 2022, Defendant Andmark White Lakes Apartments, LLC, ("Andmark") was the legal owner of the property. Defendant Alexander Forrest Investments, LLC ("AFI") served as the property management group for the property from December 2020 until June 2022. (Doc. 112 ¶ 4.)

Plaintiff suffers from Autosomal Recessive Bestrophinopathy which causes rare retinal dystrophy that is characterized by central vision loss. Plaintiff's vision loss substantially limits his life activities. In November 2016, Plaintiff entered into a rental agreement for an apartment at the property, specifically Apartment #107 (the "unit"). (*Id.* ¶ 11.) On or about December 9, 2020, Plaintiff observed water leaking out of the ceiling over the bathtub. Between that day and February

1

25, 2021, Plaintiff submitted several requests and complaints to AFI requesting that the leak and the related water damages be repaired. After his requests were ignored, Plaintiff filed a complaint with the United States Department of Housing and Urban Development ("HUD"). (*Id.* ¶ 15.) On or about March 31, 2021, Plaintiff, AFI, and Andmark entered into a conciliation agreement (the "agreement") as a result of Plaintiff's HUD complaint. The agreement required AFI and Andmark to grant Plaintiff's requests for reasonable accommodation as follows: provide correspondence to Plaintiff in 18-point font; exempt Plaintiff from being required to pay rent and submit maintenance requests in the online portal; and provide Plaintiff with a paper copy of his annual lease. (*Id.* ¶ 17.) The agreement also required AFI and Andmark to complete the outstanding maintenance repairs, renew Plaintiff's lease set to expire on April 30, 2021, and waive certain late fees. (*Id.*)

Plaintiff made several requests regarding ongoing maintenance issues after March 31, 2021. (Doc. 112 ¶¶ 18, 21, 28.) The unit also flooded again on at least two occasions. On June 9, Plaintiff submitted a complaint to the City of Topeka's Code Enforcement Agency regarding the lack of running water, bathroom ceiling, malfunctioning dishwasher, flooding, malfunctioning HVAC, and a malfunctioning toilet. On that same date, an AFI representative entered the unit and patched the bathroom ceiling but made no further repairs. (*Id.* ¶ 40.) On June 22, an AFI representative spent fifteen minutes performing repairs before declaring that he was "done" and left the unit which flooded again that evening. (*Id.* ¶ 43.) The unit flooded again on June 28. On June 30, Plaintiff observed that the bathroom ceiling again had a hole and the patchwork was hanging down into the bathtub.

In late June or early July, Defendant OPG became the property manager for the property and 37North was the new owner.[1] There were several issues regarding the unit that continued. On

---

[1] The amended complaint states that Andmark was the owner until "on or about June 29, 2022." (Doc. 112 at ¶ 3.)

July 8, the unit's ventilation system was not functioning. The heating and air unit continued to malfunction but was not repaired. A representative indicated that some repairs would need to be made in the upstairs unit. OPG made some repairs to Plaintiff's unit but told Plaintiff that they would not make all of the repairs while he was in the unit. On August 23, a representative of OPG asked Plaintiff if he was going to move out or if he would like to be moved to another unit. Plaintiff requested that correspondence related to the move be put in writing, which was agreed to, but then Plaintiff was never provided any such correspondence. (*Id.* ¶ 73.) On September 8 and 9, Plaintiff moved out of the unit due to OPG and 37North's alleged refusal to repair the unit. (*Id.* ¶ 81.)

Plaintiff filed this amended complaint against AFI, Andmark, OPG, and 37North alleging claims under the Kansas Landlord Tenant Act ("KLTA"), K.S.A. § 58-2543, the Fair Housing Act ("FHA"), the Rehabilitation Act, and Kansas state law. Plaintiff alleges that Defendants violated the FHA by discriminating against him due to his status as a handicapped person with respect to the terms and conditions of the rental and the provision of services for the rental by refusing to permit reasonable modifications, refusing to make reasonable modifications to policies, and interfering with his exercise of his rights under the FHA (retaliation). Plaintiff further alleges that Defendants misrepresented that a unit was not available. (Doc. 112 ¶ 95.) Plaintiff alleges similar claims with respect to the Rehabilitation Act. Defendants AFI and Andmark previously moved to dismiss. The court entered an order granting the motions in part. (Doc. 125.) Defendants OPG and 37North now move to dismiss. The court will address their arguments in turn.

**II.     Standard**

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v.*

3

*Twombly*, 550 U.S. 544, 555 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff.  *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon the court's consideration.  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

**III.   Analysis**

   A.   Kansas Landlord Tenant Act

Plaintiff has brought claims against all Defendants for violating the KLTA.  OPG and 37North assert that Plaintiff's allegations against them are conclusory and fail to state a claim.  In response, Plaintiff alleges that he has sufficiently stated the following violations under the KLTA: failure to comply with applicable building and housing codes; failing to maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating and air-conditioning; unlawfully entering Plaintiff's unit; and unlawfully retaliating against Plaintiff. (Doc. 129 at 2–3.)

With respect to failure to comply with building and housing codes, Plaintiff's allegations are entirely conclusory.  Plaintiff has failed to identify what building and housing codes were not complied with.  Therefore, this claim is subject to dismissal.  Next, Plaintiff asserts that defendants failed to maintain the premises in good working order.  Pursuant to K.S.A. § 58-2553(a)(3), a landlord must maintain certain items in good working order.  The Kansas Court of Appeals has explained that a landlord owes a duty of care to repair under this provision "if the landlord knew or reasonably should have known of a defective condition." *Jackson by Jackson v. Wood*, 11 Kan. App. 2d 478, 483, 726 P.2d 796, 800 (1986).  The statute also clarifies that the landlord shall perform the duties except when they are "prevented by an act of God, the failure of public utility services or other conditions beyond the landlord's control." K.S.A. § 58-2553(a).  In the amended

4

complaint, Plaintiff alleges that he submitted several complaints to OPG during July and August regarding the malfunctioning heating and air system and other issues, such as flooding and deteriorated ceiling. These complaints were not fully resolved and OPG told Plaintiff he would need to vacate the unit for the repairs. Plaintiff could move to another unit or move out. Plaintiff moved out of the unit. Accepting all these alleged facts as true, several things are evident.

First, Plaintiff's allegations fail to show that 37North had any knowledge or reasonably should have known of the items that were not in good working order. Therefore, Plaintiff has failed to state a claim against 37North. Plaintiff has also failed to state a claim against OPG under this provision. According to Plaintiff's allegation, OPG was attempting to make repairs and, after determining that it could not make repairs until Plaintiff was out of the unit, asked Plaintiff to move to another unit. Plaintiff did not move to another unit and instead vacated the property. Given the facts as alleged, Plaintiff has failed to plausibly allege that OPG breached its duty under the statute. Rather, Plaintiff's allegations state that OPG intended to make repairs to the property after Plaintiff vacated the property and asked Plaintiff to vacate the property. Plaintiff fails to allege that OPG's request that Plaintiff vacate the property for the repairs was unreasonable or unnecessary. Rather, the allegations make clear that the unit was in a significant state of disrepair with the ceiling falling down and significant flood damage. Therefore, Plaintiff has failed to state a claim as to OPG under the KLTA.

Next, Plaintiff alleges that OPG and 37North unlawfully entered Plaintiff's unit. Plaintiff, however, fails to point to any facts alleging an unlawful entry. There are no facts whatsoever alleging any entry by 37North. Plaintiff alleges that OPG's representatives entered Plaintiff's unit; however, the allegations make clear that they entered the unit after Plaintiff requested services. Plaintiff asserts in his response that the entries were "without proper notice and without cause,"

but there are no factual allegations to support this assertion. (Doc. 129 at 5.) Therefore, Plaintiff's allegations fail to state a claim regarding unlawful entry.

Finally, Plaintiff claims that OPG and 37North retaliated against him because he complained to a governmental agency and to Defendants regarding maintenance issues. The KLTA prohibits a landlord from retaliating against a tenant when that tenant complains to a governmental agency or to the landlord. K.S.A. § 58-2572. First, Plaintiff complained to the housing authority prior to the change in ownership and Plaintiff alleges no facts that he made any additional complaints after the change in ownership. Second, Plaintiff fails to allege any facts that plausibly suggests that OPG and 37North did not complete repairs because Plaintiff made complaints to OPG. Rather, Plaintiff's own allegations state that OPG did not make repairs because they needed Plaintiff to vacate the unit. Therefore, Plaintiff has failed to state a claim pertaining to retaliation.

B. <u>FHA</u>

OPG and 37North move to dismiss Plaintiff's claim s under the FHA. In response, Plaintiff asserts that he has sufficiently stated a claim of refusal to rent a unit, failure to accommodate, and retaliation. The court finds that Plaintiff has failed to allege these claims against OPG and 37North.

<u>FHA Dwelling Availability</u>. Plaintiff alleges that OPG and 37North violated the FHA by denying Plaintiff the opportunity to continue renting. Under § 3604(d), it is unlawful to represent that a dwelling is not available to an individual because of their handicap (and other protected basis). To state a claim, Plaintiff must show the following: (1) he is disabled; (2) he applied for and was qualified to rent an apartment at the property; (3) he was denied the opportunity to rent or to inspect or negotiate for the rental of an apartment; and (4) the housing opportunity remained available. *See Asbury v. Brougham*, 866 F.2d 1276, 1280 (10th Cir. 1989). Plaintiff's claim fails

against OPG and 37North for two reasons: Plaintiff has failed to allege that these two Defendants had knowledge of his disability and Plaintiff was provided with an opportunity to rent. Plaintiff points to his allegation that he is disabled in support of a finding that these Defendants knew of his disability; however, that is not sufficient. Unlike the other two Defendants, who were parties to the conciliation agreement, there are no facts alleging that these Defendants had knowledge of Plaintiff's disability. Further, OPG offered Plaintiff the option to move into another unit. Instead of accepting, Plaintiff asked for this offer to be in writing. Although OPG did not submit it in writing, Plaintiff makes no allegation that he attempted to rent another unit prior to his voluntary departure and Plaintiff continued to reside in the unit and was not evicted. As such, Plaintiff's claim that he was denied housing is not supported by the allegations. *See Smith v. Mission Assocs. Ltd. P'ship*, 225 F. Supp. 2d 1293, 1301 (D. Kan. 2002) (finding that the plaintiff did not state a claim when the plaintiff failed to show that they attempted to rent a unit after receiving a notice to vacate). Further, Plaintiff cites to no authority that OPG and 37North would be liable in a situation in which Plaintiff was verbally offered to relocate to a vacant unit but failed to reduce that offer in writing. Absent allegations that Plaintiff was refused a vacant unit upon his request, the court finds that Plaintiff has not sufficiently alleged a claim under the FHA as to refusal to rent against OPG and 37North.

<u>Discrimination Claim under § 3604(f)</u>. OPG and 37North move for dismissal of Plaintiff's discrimination claim. Although Plaintiff's amended complaint appears to allege different theories of discrimination, Plaintiff's response brief states that he is bringing a claim of discrimination by refusing to make reasonable accommodations under § 3604(f)(3). (Doc. 129 at 8–9.)

Under § 3604(f)(3)(B), discrimination under the FHA includes a "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations

7

may be necessary to afford such person equal opportunity to use and enjoy a dwelling." The required elements of a § 3604(f)(3)(B) claim are: (1) plaintiff is handicapped within the meaning of the FHA; (2) defendants knew or reasonably should have known of the plaintiff's claimed disability; (3) plaintiff requested an accommodation of his disability that was necessary to afford him an equal opportunity to use and enjoy the dwelling; (4) the requested accommodation was reasonable; and (5) defendants refused to make the requested accommodation. *See Ngiendo v. Univ. Partners, LLC*, No. 22-2393-HLT, 2021 WL 5038780, at *3 (D. Kan. Oct. 27, 2021) (citing *Arnal v. Aspen View Condo. Assoc., Inc.*, 226 F. Supp. 3d 1177, 1183 (D. Colo. 2016)).

Here, Plaintiff has failed to sufficiently allege that OPG and 37North knew or reasonably should have known of his disability. Therefore, this claim fails on that basis. Plaintiff has also failed to sufficiently allege that he requested an accommodation for his disability. Although Plaintiff asked that the verbal offer to change units be made in writing, Plaintiff made no allegation that such request was done so that he could have an equal opportunity to use and enjoy the dwelling. Therefore, Plaintiff's claim fails on this basis. Plaintiff further asserts that his requests for repairs constituted requests for accommodations. These "requests" for accommodation, however, were simply requests for repairs to the unit. Plaintiff fails to cite to any authority for the proposition that a request for maintenance repairs are requests for accommodation. The Tenth Circuit has held that "the thrust of a reasonable accommodation claim is that a defendant must make an affirmative change in an otherwise valid law or policy." *Bangerter v. Orem City Corp.*, 46 F.3d 1491, 1501–02 (10th Cir. 1995). The regulation echoes this view and provides two examples of reasonable accommodations: allowing a blind tenant to have a seeing eye dog in a property that does not allow pets and providing a tenant with mobility issues a reserved parking space. *See* 24 C.F.R. § 100.204. These examples of requested accommodations are seeking a

8

change in a policy. In this case, Plaintiff has failed to identify that he requested an accommodation to an otherwise valid policy that applied to the tenants at the property. Rather, Plaintiff simply complains that his requests for repairs were ignored.

The court finds that Plaintiff's amended complaint has failed to state a failure to accommodate claim under the FHA against OPG and 37North.

Retaliation. To prove a § 3617 retaliation claim, Plaintiff must show that "(1) [he] is a protected individual under the FHA, (2) [he] was engaged in the exercise or enjoyment of [his] fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of [his] protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate." *Hatfield v. Cottages on 78th Cmty. Ass'n*, No. 21-4035, 2022 WL 2452379, at *8 (10th Cir. July 6, 2022) (citation omitted).

Plaintiff has sufficiently alleged that he is a protected individual under the FHA. Plaintiff, however, has not sufficiently alleged that these Defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of protected activity under the FHA, and were motivated by an intent to discriminate. Plaintiff's alleged protected activity included his complaint to HUD and the complaint to the local housing authority. According to the amended complaint, however, those complaints were made prior to the ownership change. Therefore, he did not engage in protected activity regarding these Defendants' actions. Moreover, Plaintiff has failed to allege that these Defendants had any knowledge of the protected activity.[2]

In sum, Plaintiff has failed to state a claim of FHA retaliation against OPG and 37North.

C.   Rehabilitation Act.

---

[2] Plaintiff claims that these Defendants had knowledge of that activity, citing to the amended complaint. (Doc. 129 at 10.) The allegations in the amended complaint, however, do not support this contention.

The Rehabilitation Act prohibits any "program or activity receiving Federal financial assistance" from discriminating against "otherwise qualified" individuals "solely by reason of her or his disability." 29 U.S.C. § 794(a). The standards of a claim under the FHA and Rehabilitation Act are similar. *See Wren v. City of Cherryvale Kansas*, No. 22-1180-JWB, 2022 WL 3682001, at *3 (D. Kan. Aug. 25, 2022) (citing *Aubrey v. Koppes*, 975 F.3d 995, 1006 (10th Cir. 2020) and *Sanchez v. United States Dep't of Energy*, 870 F.3d 1185, 1195 (10th Cir. 2017)). In support of his claim under the Rehabilitation Act, Plaintiff points to the same arguments raised with respect to his FHA claims. (Doc. 129 at 11–12.) Because Plaintiff has failed to plausibly allege disability discrimination, failure to accommodate, and retaliation as discussed herein, Plaintiff's Rehabilitation Act claim against OPG and 37North also fails.[3]

## IV.  Conclusion

Defendants OPG and 37North's joint motion to dismiss (Doc. 118) is GRANTED. While the allegations in the amended complaint are troubling as a whole, the court notes that the bulk of the concerning allegations involve conduct by AFI and Andmark. Those Defendants remain in this action as this case proceeds in discovery. OPG and 37North became involved in the property less than three months prior to Plaintiff's decision to leave and the allegations against them are not sufficient to state a claim as discussed herein.

IT IS SO ORDERED. Dated this 2nd day of May, 2024.

   s/ John W. Broomes   
JOHN W. BROOMES  
UNITED STATES DISTRICT JUDGE

---

[3] The court further finds that Plaintiff did not sufficiently allege facts to show that OPG and 37North received federal financial assistance. *See Lee v. Corr. Corp. of Am./Corr. Treatment Facility*, 61 F. Supp. 3d 139, 144 (D.D.C. 2014). Therefore, the Rehabilitation Act claim is also subject to dismissal on that basis.